MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
email: MHStern@duanemorris.com
email: WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba WALNUT CREEK HONDA, a California corporation, PHILLIP PETERSON, an individual, and GORDON WALTON, an individual<br><br>Defendants. | Case No.:  C 07 2858 JL<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT<br><br>Complaint Filed:     June 1, 2007<br>Courtroom:             F, 15th Floor<br>Judge:  Magistrate Judge James Larson |

Plaintiff alleges:

## NATURE OF ACTION

1.      This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, to determine the rights and duties, if any, of Plaintiff Universal Underwriters and for restitution/reimbursement, as set forth more fully below.  Universal Underwriters is not contesting its duty to defend and indemnity obligation with respect to the allegation of conversion of actual personal property, but not intellectual property, as pled in the Fourth Cause of Action in the *Berkeley*

1

*Honda* action; however, Universal Underwriters contends no other allegations of any cause of action in the *Berkeley Honda* action fall within the scope of coverage provided by the policies issued by Universal Underwriters to trigger a defense or indemnity obligation.  Consequently, Universal Underwriters is entitled to be reimbursed by the Defendants, and each of them, for defense costs and fees advanced with respect to the *Berkeley Honda* action that are attributable to uncovered claims.

## JURISDICTION AND VENUE

2.    Plaintiff, Universal Underwriters Insurance Company ("Universal Underwriters"), is and at all times mentioned herein was, a corporation incorporated under the laws of the State of Kansas with its principal place of business located in Overland, Kansas.

3.    Universal Underwriters is informed and believes that Defendant Walnut Creek Associates 5, Inc. dba Oakland Acura ("Oakland Acura") is a corporation organized under the laws of the State of California and is licensed to do and does business in California.

4.    Universal Underwriters is informed and believes that Defendant Proformance Associates, Inc. ("Proformance Associates") is a corporation organized under the laws of the State of California and is licensed to do and does business in California.

5.    Universal Underwriters is informed and believes that Defendant James Nielsen is an individual who is a citizen of the State of California.

6.    Universal Underwriters is informed and believes that Defendants Walnut Creek Associates 2, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda (collectively "Walnut Creek Honda") is a corporation organized under the laws of the State of California and is licensed to do and does business in California.

7.    Universal Underwriters is informed and believes that Defendant Phillip Peterson is an individual who is a citizen of the State of California.

8.    Universal Underwriters is informed and believes that Defendant Gordon Walton is an individual who is a citizen of the State of California.

9.    Defendants Oakland Acura, Proformance Associates and James Nielsen, for convenience only, shall be referred to as the Oakland Acura Defendants, and Walnut Creek Honda, Phillip Peterson and Gordon Walton, for convenience only, shall be referred to as the Walnut Creek

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

1   Honda Defendants.

2       10.    The Defendants are not a citizen of the same state as Plaintiff and the matter in

3   controversy against each Defendant exceeds the sum of $75,000, exclusive of interest, attorney's

4   fees, and costs.  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5       11.    This Court is a proper venue for this action under 28 U.S.C. § 1391 because a

6   substantial part of the acts or omissions giving rise to this dispute occurred in this judicial district.

7                                    **GENERAL ALLEGATIONS**

8       12.    Universal Underwriters issued Policy No. 261712 to Oakland Acura, which was in

9   effect from October 1, 2004 to October 1, 2005 ("Policy No. 261712").  A true and correct copy of

10  Policy No. 261712 is attached hereto as Exhibit "A", and it is incorporated herein as though it was

11  set forth in full herein.

12      13.    Universal Underwriters issued a separate Policy No. 261712 to Oakland Acura and

13  Proformance Associates, which was in effect from October 1, 2005 to October 1, 2006 (for

14  convenience referred to as "Policy No. 261712A").  A true and correct copy of Policy No. 261712A

15  is attached hereto as Exhibit "B", and it is incorporated herein as though it was set forth in full

16  herein.

17      14.    Universal Underwriters issued Policy No. 261711 to Walnut Creek Honda, which was

18  in effect from October 1, 2004 to October 1, 2005 ("Policy No. 261711").  A true and correct copy

19  of Policy No. 261711 it is attached hereto as Exhibit "C", and it is incorporated herein as though it

20  was set forth in full herein.

21      15.    Universal Underwriters issued Policy No. 261711A to Walnut Creek Honda, which

22  was in effect from October 1, 2005 to October 1, 2006 ("Policy No. 261711A").  A true and correct

23  copy of Policy No. 261711A is attached hereto as Exhibit "D", and it is incorporated herein as

24  though it was set forth in full herein.

25      16.    The policy provisions at issue in Policy Nos. 261712 and 261712A (the "Oakland

26  Acura Policies") and Policy Nos. 261711 and 261711A (the "Walnut Creek Honda Policies") are

27  identical with respect to the primary liability insurance provided by Garage Coverage Part 500.

28  Collectively, the Oakland Acura Policies and the Walnut Creek Honda Policies are referred to herein

                                              3

1   as "the Policies."

2       17.    The part of the Policies relevant to coverage for the underlying complaint identified

3   below is the Garage Coverage Part 500.

4       18.    The first, fourth and fifth paragraphs of the Insuring Agreement of the Universal

5   Underwriters Garage Coverage Part 500 of the Policies define Universal Underwriters' duty to

6   defend and indemnity obligation as follows:

> WE will pay all sums the INSURED legally pays as DAMAGES (including punitive DAMAGES where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.
>
> * * *
>
> WE have no right or duty to defend SUITS for DAMAGES not covered by or declared for this Coverage Part.
>
> WE have the right and duty to defend any SUIT asking for these DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate.   OUR payment of the limit shown in the declarations ends OUR duty to defend.

(Exhibit A at p. 0054; Exhibit B at p. 0055; Exhibit C at p. 0056; Exhibit D at p. 0057.)

        19.    The Insuring Agreement of the Universal Underwriters Garage Coverage Part 500 of

the Policies, as amended by Endorsement No. 162, defines "DAMAGES" and "SUIT" as follows:

> "DAMAGES" means amounts awardable by a court of law.   With respect to INJURY Group 6, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards, compensatory damages, and, where insurable by law, punitive damages, prejudgment interest, post-judgment interest, and settlements.
>
> DAMAGES does not mean:
>
>     1.    civil penalties, fines, assessments or equitable remedies except those listed above; or
>
>     2.    severance pay or DAMAGES under an express written contract of employment or an express written obligation to make payments in the event of the termination of employment.
>
> * * *
>
> "SUIT" means a civil action for DAMAGES, including arbitration or mediation or any other alternative dispute resolution proceedings to

4
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean administrative actions (except under INJURY Group 6 and EMPLOYMENT RELATED DEFENSE) or equitable actions.

(Exhibit A at pp. 0055-0057, 0133-0134; Exhibit B at pp. 0056-0058, 0134-0135; Exhibit C at pp. 0057-0059, 0135-0136; Exhibit D at pp. 0058-0060, 0136-0137.)

20.    The "INJURY" coverage, set forth in the first paragraph of the Insuring Agreement of the Universal Underwriters Garage Coverage Part 500 of the Policies, as amended by Endorsements Nos. 162 and 410, provides coverage for certain types of injury only. The policy defines such "INJURY" as follows:

Group 1 – bodily injury, sickness, disease or disability (including death resulting from any of these) or damage to or loss of use of tangible property;

Group 2 – mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION

Group 3 – false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, abuse of process, libel, slander defamation of character, private nuisance (except pollution), invasion of the right of possession of personal property, common law claims for invasion of the right of privacy;

Group 4 – plagiarism, misappropriation of advertising ideas or style, infringement of copyright, title, slogan or trademark;

Group 5 – any error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plans or YOUR group life, group hospitalization or major medical, group accident and health, Worker's Compensation, unemployment, social security or disability benefits insurance; . . .

Group 6 – DISCRIMINATION or WRONGFUL TERMINATION.

(Exhibit A at pp. 0055, 0133, 0176; Exhibit B at pp. 0056, 0134, 0178; Exhibit C at pp. 0057, 0135, 0181; Exhibit D at pp. 0058, 0136, 0183.)

21.    The Insuring Agreement of Universal Underwriters Garage Coverage Part 500, as amended by Endorsement No. 162, of the Policies defines "OCCURRENCE" as follows:

"OCCURRENCE," with respect to COVERED POLLUTION DAMAGES, INJURY Groups 1 and 2 means an accident, including continuous or repeated exposure to conditions, which results in such INJURY or COVERED POLLUTION DAMAGES during the Coverage Part period neither intended nor expected from the standpoint of a reasonably prudent person.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

1    With respect to INJURY Groups (3), (4), (5), and (6), OCCURRENCE
2    means acts of the INSURED during the Coverage Part period which
     result in such INJURY.

3  (Exhibit A at pp. 0056, 0133; Exhibit B at pp. 0057, 0134; Exhibit C at pp. 0058, 0135; Exhibit D at

4  pp. 0059, 0136.)

5         22.    On or about November 10, 2005, Berkeley Auto Group, LLC dba Berkeley Honda

6  filed a complaint entitled *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek*

7  *Associates 5, Inc., dba Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive*,

8  in Superior Court of State of California, County of Contra Costa, Case No. C 05-02372. against

9  defendants James Nielsen, Walnut Creek Associates 5, Inc. and Proformance Associates Inc.

10  ("*Berkeley Honda* action"). Berkeley Honda filed a First Amended Complaint on November 29,

11  2005 (the "Complaint"). A true and correct copy of this amended complaint is attached hereto as

12  Exhibit E and is incorporated herein as though it was set forth in full herein. On February 10, 2006,

13  Walnut Creek Honda, Phillip Peterson and Gordon Walton were added as defendants to the First

14  Amended Complaint in the *Berkeley Honda* action. A true and correct copy of the Amendment to

15  the Complaint, file endorsed dated February 10, 2006, is attached hereto as Exhibit F and is

16  incorporated herein as though its was set forth in full herein.

17         23.    Berkeley Honda alleges that that its former service manager and staff coordinator,

18  James Nielsen, voluntarily left that employment on August 31, 2005, and then promptly entered into

19  a business relationship with Oakland Acura.

20         24.    Berkeley Honda contends that, prior to or shortly after August 31, 2005, Mr. Nielsen

21  stole Berkeley Honda's proprietary and confidential customer lists and customer information.

22  Berkeley Honda contends that Mr. Nielsen, Oakland Acura and Proformance Associates used that

23  information for his own economic advantage as well as that of Oakland Acura. Berkeley Honda also

24  asserts that Mr. Nielsen converted Berkeley Honda's telephone equipment (a mobile phone) and

25  phone number for the benefit of Mr. Nielsen, Oakland Acura, and Proformance Associates.

26  Berkeley Honda further contends that Mr. Nielsen solicited business from existing and former

27  customers of Berkeley Honda including mailing a solicitation to individual customers from Berkeley

28  Honda's customer list, while Nielsen was employed by Oakland Acura, that Oakland Acura knew

1  and had reason to know that Nielsen possessed Berkeley Honda's confidential information, and that

2  Oakland Acura authorized and participated in the mailing of the solicitation to Berkeley Honda's

3  customers. It is also alleged that solicitation included the purportedly converted phone number of

4  Berkeley Honda that now was being used by the defendants.

5      25.    Berkeley Honda's Complaint contains ten causes of action, including causes of action

6  for: (1) Misappropriation of Trade Secrets; (2) Unfair Competition in Violation of Business &

7  Professions Code section 17200; (3) Intentional Interference with Prospective Economic Advantage:

8  (4) Conversion; (5) Trespass; (6) Accounting; (7) Breach of Confidence; (8) Unjust Enrichment; (9)

9  Injunction under Civil Code Section 3422 and Code of Civil Procedure Section 526; and (10)

10  Negligent Supervision. Each of the causes of action are asserted against all defendants, with the

11  exceptions that the Breach of Confidence cause of action is only against Mr. Nielsen and the

12  Negligent Supervision cause of action is only against the corporate defendants.

13      26.    By a letter dated April 28, 2006, Universal Underwriters notified Oakland Acura and

14  Proformance Associates that it would provide Oakland Acura with a defense of the Berkeley Honda

15  action, while reserving all of its rights, including the right to reimbursement of defense costs

16  advanced. A true and correct copy of the April 28, 2006, letter is attached hereto as Exhibit G.

17      27.    By a letter dated April 28, 2006, Universal Underwriters notified James Nielsen that

18  it would provide James Nielsen with a defense of the *Berkeley Honda* action, while reserving all of

19  its rights, including the right for reimbursement of defense costs advanced. A true and correct copy

20  of the April 28, 2006, letter is attached hereto as Exhibit H.

21      28.    By a letter dated May 31, 2006, Universal Underwriters notified Walnut Creek Honda

22  that it would provide Walnut Creek Honda with a defense of the *Berkeley Honda* action, while

23  reserving all of its rights, including the right for reimbursement of defense costs advanced. A true

24  and correct copy of the May 31, 2006, letter is attached hereto as Exhibit I.

25      29.    By a letter dated May 31, 2006, Universal Underwriters notified Phillip Peterson that

26  it would provide Phillip Peterson with a defense of the *Berkeley Honda* action, while reserving all of

27  its rights, including the right for reimbursement of defense costs advanced. A true and correct copy

28  of the May 31, 2006, letter is attached hereto as Exhibit J.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

30.    By a letter dated May 31, 2006, Universal Underwriters notified Gordon Walton that it would provide Gordon Walton with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced.  A true and correct copy of the May 31, 2006, letter is attached hereto as Exhibit K.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief – No Indemnity Obligation, As a Matter of Law, Except for the Alleged Taking of Actual Personal Property, Not Intellectual Property, As Alleged In The Fourth Cause of Action)

31.    Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 30, inclusive, as though set forth in full herein.

32.    Universal Underwriters contends that it is not obligated to indemnify the Oakland Acura Defendants and the Walnut Creek Honda Defendants for the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, but not intellectual property, of Berkeley Honda as alleged in the Fourth Cause of Action, which Universal Underwriters does not contest may constitute "INJURY" under "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property.  Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut Creek Honda Defendants dispute Universal Underwriters' coverage position.

33.    An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Oakland Acura Policies with respect to the purely legal issue as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint.  This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

34.    An actual controversy exists between Universal Underwriters, on the one hand, and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Walnut Creek Honda Policies with respect to the purely legal issue as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint.  This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

35.    The purely legal issues as to any indemnity obligation to be determined include (but are not limited to):

a.    Universal Underwriters contends that there is no indemnity obligation as a matter of law for the following causes of action in the *Berkeley Honda* complaint:

i.    Universal Underwriters contends that the First Cause of Action for Misappropriation of Trade Secrets in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

ii.    Universal Underwriters contends that the Second Cause of Action for Unfair Competition in Violation of Business & Professions Code section 17200 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

iii.    Universal Underwriters contends that the Third Cause of Action for Intentional Interference With Prospective Economic Advantage in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

iv.    Universal Underwriters contends that the Fifth Cause of Action for Trespass in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

v.    Universal Underwriters contends that the Sixth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

vi.    Universal Underwriters contends that the Seventh Cause of Action for Breach of Confidence in the *Berkeley Honda* complaint does not involve a

covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

vii.    Universal Underwriters contends that the Eighth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

viii.    Universal Underwriters contends that the Ninth Cause of Action for Injunction Under Civil Code § 3422 and Code of Civil Procedure § 526 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

ix.    Universal Underwriters contends that the Tenth Cause of Action for Negligent Supervision in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

b.    Universal Underwriters contends that there is no indemnity obligation with respect to the Fourth Cause of Action of Conversion in the *Berkeley Honda* complaint, because it does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 4", "Group 5" or "Group 6" definition of "INJURY." Universal Underwriters contends that "Group 3" of the definition of "INJURY" applies to only the allegations of the Fourth Cause of Action with respect to the conversion of actual personal property, but not intellectual property.

36.    Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to Universal Underwriters' duty to indemnify the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that: (1) it is not obligated to indemnify Oakland Acura Defendants under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a specific declaration as to each issue identified

10

1  above; and (2) it is not obligated to indemnify Walnut Creek Honda Defendants under the Walnut

2  Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not

3  intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a

4  specific declaration as to each issue identified above

5  **SECOND CLAIM FOR RELIEF**
(Declaratory Relief – No Duty To Defend, As a Matter of Law, Except Because of Alleged Taking
6  of Actual Personal Property, Not Intellectual Property, As Alleged In The Fourth Cause of Action)

7      37.    Universal Underwriters refers to and incorporates herein by reference paragraphs 1

8  through 30, inclusive, as though set forth in full herein.

9      38.    Universal Underwriters contends its duty to defend the Oakland Acura Defendants

10  and the Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action only exists

11  because of the alleged conversion of actual personal property, but not intellectual property, of

12  Berkeley Honda as alleged in the Fourth Cause of Action, which may constitute "INJURY" under

13  "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property.

14  Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut

15  Creek Honda Defendants dispute Universal Underwriters' coverage position.

16      39.    An actual controversy exists between Universal Underwriters, on the one hand, and

17  the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of

18  Universal Underwriters under the Oakland Acura Policies with respect to the purely legal issue as to

19  any duty to defend the Oakland Acura Defendants against the allegations in the *Berkeley Honda*

20  complaint. This controversy is within the jurisdiction of this Court and can be resolved by a

21  declaratory judgment of this Court and without the involvement of other suits.

22      40.    An actual controversy exists between Universal Underwriters, on the one hand, and

23  Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of

24  Universal Underwriters under the Walnut Creek Honda Policies with respect to the purely legal issue

25  as to any duty to defend the Walnut Creek Honda Defendants against the allegations in the *Berkeley*

26  *Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a

27  declaratory judgment of this Court and without the involvement of other suits.

28      41.    The purely legal issues as to the duty to defend to be determined include (but are not