limited to):

    a.    Universal Underwriters contends that there is no duty to defend as a matter of law for the following causes of action in the *Berkeley Honda* complaint:

        i.    Universal Underwriters contends that the First Cause of Action for Misappropriation of Trade Secrets in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        ii.    Universal Underwriters contends that the Second Cause of Action for Unfair Competition in Violation of Business & Professions Code section 17200 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iii.    Universal Underwriters contends that the Third Cause of Action for Intentional Interference With Prospective Economic Advantage in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iv.    Universal Underwriters contends that the Fifth Cause of Action for Trespass in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        v.    Universal Underwriters contends that the Sixth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        vi.    Universal Underwriters contends that the Seventh Cause of Action for Breach of Confidence in the *Berkeley Honda* complaint does not involve a

        covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

    vii.    Universal Underwriters contends that the Eighth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

    viii.    Universal Underwriters contends that the Ninth Cause of Action for Injunction Under Civil Code § 3422 and Code of Civil Procedure § 526 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

    ix.    Universal Underwriters contends that the Tenth Cause of Action for Negligent Supervision in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

    b.    Universal Underwriters contends that there is no indemnity obligation with respect to the Fourth Cause of Action of Conversion in the *Berkeley Honda* complaint, because it does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 4", "Group 5" or "Group 6" definition of "INJURY." Universal Underwriters contends that "Group 3" of the definition of "INJURY" applies only to the allegations of the Fourth Cause of Action with respect to the conversion of actual personal property, but not intellectual property.

    42.    Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to Universal Underwriters' duty to defend the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that its duty to defend is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property, and a specific declaration as to each issue identified above.

**THIRD CLAIM FOR RELIEF**
(Declaratory Relief – No Obligation To Provide Independent Counsel)

43. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 42, inclusive, as though set forth in full herein.

44. Universal Underwriters contends that it is not obligated to provide independent counsel to the Oakland Acura Defendants and the Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action.

45. Universal Underwriters has informed the Oakland Acura Defendants and the Walnut Creek Honda Defendants that, while it will continue to defend each of them, Universal Underwriters denies it has any indemnity obligation (as opposed to reserving indemnity rights) with respect to the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action, for which Universal Underwriters acknowledged its indemnity obligation.

46. An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Policies with respect to the purely legal issue of whether Universal Underwriters has an obligation to provide independent counsel with respect to the *Berkeley Honda* action.

47. Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to whether Universal Underwriters has an obligation to provide independent counsel to the Defendants with respect to the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that it is not obligated to provide independent counsel to the Oakland Acura Defendants and Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action, and a specific declaration as to each issue identified above.

**FOURTH CLAIM FOR RELIEF**
(Restitution/Reimbursement for Amounts Advanced in the *Berkeley Honda* Action)

48. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 47, inclusive, as though set forth in full herein.

49. Universal Underwriters has advanced defense costs in amounts to be established at trial for the defense of the Oakland Acura Defendants, and Universal Underwriters has advanced defense costs in amounts to be established at trial for the defense of the Walnut Creek Honda Defendants against the claims asserted in the *Berkeley Honda* action. In addition, Universal Underwriters has agreed to advance defense costs associated with independent counsel for all Defendants.

50. Universal Underwriters has properly reserved all of its rights in the *Berkeley Honda* action, including the right to reimbursement of defense costs advanced. (Exhibit G at p. 0011; Exhibit H at p. 0011; Exhibit I at p. 0010; Exhibit J at p. 0010; Exhibit K at p. 0010.)

51. Universal Underwriters has suffered a loss as a result of its payment for the defense fees and costs of the Oakland Acura Defendants against the uncovered claims of *Berkeley Honda* action, and the Oakland Acura Defendants have been unjustly enriched by Universal Underwriters' payment of defense fees and costs against claims that are not covered under the Oakland Acura Policies. In addition, Universal Underwriters has suffered a loss as a result of its payment of defense costs associated with independent counsel for the Oakland Acura Defendant that has resulted in the Oakland Acura Defendants being unjustly enriched by Universal Underwriters' payment of the independent counsel costs.

52. Universal Underwriters has suffered a loss as a result of its payment for the defense fees and costs of the Walnut Creek Honda Defendants against the uncovered claims of *Berkeley Honda* action, and the Walnut Creek Honda Defendants have been unjustly enriched by Universal Underwriters' payment of defense fees and costs against claims that are not covered under the Walnut Creek Honda Policies. In addition, Universal Underwriters has suffered a loss as a result of its payment of defense costs associated with independent counsel for the Walnut Creek Honda Defendants that has resulted in the Walnut Creek Honda Defendants being unjustly enriched by Universal Underwriters' payment of the independent counsel costs.

53. Universal Underwriters seeks an allocation of defense fees and costs between covered and non-covered claims, pursuant to *Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997), and reimbursement from the Oakland Acura Defendants and the Walnut Creek Honda

Defendants, of that portion of the defense costs and fees advanced with respect to the *Berkeley Honda* action attributable to uncovered claims so as to avoid unjust enrichment to the Oakland Acura Defendants and the Walnut Creek Honda Defendants relating to claims not covered under the respective policies, together with interest thereon at a legal rate from the date the defense costs were first incurred. In addition, Universal Underwriters seeks reimbursement of all monies advanced to pay for independent counsel costs for the Oakland Acura Defendants and the Walnut Creek Honda Defendants, together with interest thereon at a legal rate from the date the defense costs were first incurred.

**FIFTH CLAIM FOR RELIEF**
(Declaratory Relief – No Indemnity Obligation as to the *Berkeley Honda* Action, Except for Alleged Taking of Actual Personal Property, Not Intellectual Property, Based On Potentially Mixed Issues of Fact and Law.)

54. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 36, inclusive, as though set forth in full herein.

55. Universal Underwriters contends that it is not obligated to indemnify the Oakland Acura Defendants and the Walnut Creek Honda Defendants for the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, but not intellectual property, of Berkeley Honda as alleged in the Fourth Cause of Action, which may constitute "INJURY" under "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property. Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut Creek Honda Defendants dispute this.

56. The Insuring Agreement of Universal Underwriters Garage Coverage Part 500 of the Policies contains the following exclusions:

> This insurance does not apply to:
>
> (a) INJURY, EMPLOYMENT RELATED DEFENSE, COVERED POLLUTION DAMAGES, CUSTOMER COMPLAINT DEFENSE or STATUTE AND TITLE E&O, if caused by any dishonest, fraudulent or criminal acts committed by any INSURED:
>
> (b) Any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property;

* * *

(m) INJURY, as defined in Groups 3 and 4 if the first injurious offense was committed prior to the Coverage part period;. . . .

(Exhibit A at pp. 0057, 0060; Exhibit B at pp. 0058, 0061; Exhibit C at pp. 0059, 0062; Exhibit D at pp. 0060, 0063.)

57. An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Oakland Acura Policies with respect to the potentially mixed issues of fact and law as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

58. An actual controversy exists between Universal Underwriters, on the one hand, and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Walnut Creek Honda Policies with respect to the potentially mixed issues of fact and law as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

59. The potentially mixed issues of fact and law as to the duty to indemnify to be determined include (but are not limited to):

a. As to all Oakland Acura Defendants and the Oakland Acura Policies:

i. To the extent it can be established that liability is imposed solely for "dishonest, fraudulent or criminal acts," then there is no coverage and no indemnity obligation because of Exclusion (a).

ii. To the extent it can be established that liability is imposed solely for acts committed "with the intent to cause harm," or that are inherently harmful or that give rise to an entitlement to punitive damages, then there is no coverage and no indemnity obligation because of Exclusion (b), California Insurance Code § 533, and public policy.

17
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

    b.    As to Defendant James Nielsen and the Oakland Acura Policies:

        i.    To the extent it can be established that liability is imposed on James Nielsen for conduct while not acting within the scope of his duties as an employee of Oakland Acura, then there is no coverage and no indemnity obligation for that conduct because the definitions of INSURED and WHO IS AN INSURED in the Policies.

    c.    As to all Oakland Acura Defendants and Policy No. 261712A (October 1, 2005 – October 1, 2006):

        i.    To the extent it can be established that liability is imposed solely for an injurious offense occurring prior to October 1, 2005, then there is no coverage and indemnity obligation under the subject policy, because of Exclusion (m).

    d.    As to all Walnut Creek Honda Defendants and the Walnut Creek Honda Acura Policies:

        i.    To the extent it can be established that liability is imposed solely for "dishonest, fraudulent or criminal acts," then there is no coverage and no indemnity obligation because of Exclusion (a).

        ii.    To the extent it can be established that liability is imposed on solely for acts committed "with the intent to cause harm," or that are inherently harmful or that give rise to an entitlement to punitive damages, then there is no coverage and no indemnity obligation because of Exclusion (b), California Insurance Code § 533, and public policy.

    e.    As to Walnut Creek Honda Policy No. 261711A (October 1, 2005 – October 1, 2006):

        i.    To the extent it can be established that liability is imposed solely for an injurious offense occurring prior to October 1, 2005, then there is no coverage and indemnity obligation under the subject policy, because of Exclusion (m).

60.     Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to any indemnity obligation of Universal Underwriters' concerning the *Berkeley Honda* action. Specifically, Universal Underwriters desires: (1) a general declaration that it is not obligated to indemnify the Oakland Acura Defendants under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a specific declaration as to each issue identified above; and (2) a general declaration that it is not obligated to indemnify the Walnut Creek Honda Defendants under the Walnut Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a specific declaration as to each issue identified above

61.     If Defendants desire, Universal Underwriters has no objection to staying litigation of this cause of action pending the conclusion of the *Berkeley Honda* action, in order to avoid any arguable prejudice in that action to Defendants from litigating the issues in this action.

**PRAYER**

WHEREFORE, Universal Underwriters prays for judgment as follows:

1.     That this Court determine and adjudicate the rights, duties and obligations of the parties with respect to the policies of insurance described in this Complaint and set out in the attached Exhibits.

2.     On the First Cause of Action:

   (a)     For a judicial declaration that Universal Underwriters is not obligated to indemnify Oakland Acura under the Oakland Acura Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

   (b)     For a judicial declaration that Universal Underwriters is not obligated to indemnify Proformance Associates under the Oakland Acura Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

   (c)     For a judicial declaration that Universal Underwriters is not obligated to

indemnify James Nielsen under the Oakland Acura Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(d) For a judicial declaration that Universal Underwriters is not obligated to indemnify Walnut Creek Associates 2, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda under the Walnut Creek Honda Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(e) For a judicial declaration that Universal Underwriters is not obligated to indemnify Phillip Peterson under the Walnut Creek Honda Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(f) For a judicial declaration that Universal Underwriters is not obligated to indemnify Gordon Walton under the Walnut Creek Honda Policies for any claim arising out of the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(g) For a judicial declaration on each of the coverage issues raised in this action; and

3. On the Second Cause of Action:

(a) For a judicial declaration that Universal Underwriters duty to defend Oakland Acura under the Oakland Acura Policies is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

(b) For a judicial declaration that Universal Underwriters duty to defend Proformance Associates under the Oakland Acura Policies is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

   (c) For a judicial declaration that Universal Underwriters duty to defend James Nielsen under the Oakland Acura Policies is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

   (d) For a judicial declaration that Universal Underwriters duty to defend Walnut Creek Associates 2, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda under the Walnut Creek Honda Polices is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

   (e) For a judicial declaration that Universal Underwriters duty to defend Phillip Peterson under the Walnut Creek Honda Policies is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

   (f) For a judicial declaration that Universal Underwriters duty to defend Gordon Walton under the Walnut Creek Honda Policies is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property;

   (g) For a judicial declaration on each of the coverage issues raised in this action; and

  4. On the Third Cause of Action:

   (a) For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to Oakland Acura with respect to the *Berkeley Honda* action;

   (b) For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to Proformance Associates with respect to the *Berkeley Honda* action;

   (c) For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to James Nielsen with respect to the *Berkeley Honda* action;

   (d) For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to Walnut Creek Associates 2, Inc. and Walnut Creek Associates 2, Inc.

1  dba Walnut Creek Honda with respect to the *Berkeley Honda* action;

2  (e)   For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to Phillip Peterson with respect to the *Berkeley Honda* action;

4  (f)   For a judicial declaration that Universal Underwriters is not obligated to provide independent counsel to Gordon Walton with respect to the *Berkeley Honda* action

6  (g)   For a judicial declaration on each of the coverage issues raised in this action; and

8  5.   On the Fourth Cause of Action:

9  (a)   For an allocation of defense fees and costs between covered and non-covered claims, pursuant to *Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997);

11  (b)   For the sum of defense fees and costs advanced in the *Berkeley Honda* action attributable to uncovered claims, with interest thereon at a legal rate from the date the defense fees and costs were first incurred;

14  (c)   For the sum of all monies advanced to pay for independent counsel costs for the Oakland Acura Defendants and the Walnut Creek Honda Defendants, with interest thereon at a legal rate from the date the defense fees and costs were first incurred; and

17  6.   On the Fifth Cause of Action:

18  (a)   For a judicial declaration that Universal Underwriters is not obligated to indemnify Oakland Acura under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

22  (b)   For a judicial declaration that Universal Underwriters is not obligated to indemnify Proformance Associates under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

26  (c)   For a judicial declaration that Universal Underwriters is not obligated to indemnify James Nielsen under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of

Action in *Berkeley Honda* action;

(d) For a judicial declaration that Universal Underwriters is not obligated to indemnify Walnut Creek Associates 2, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda under the Walnut Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(e) For a judicial declaration that Universal Underwriters is not obligated to indemnify Phillip Peterson under the Walnut Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(f) For a judicial declaration that Universal Underwriters is not obligated to indemnify Gordon Walton under the Walnut Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action;

(g) For a judicial declaration on each of the coverage issues raised in this action; and

7. On Each Cause of Action:

(a) For attorneys' fees, expenses and costs of suit incurred herein; and

(b) For such other and further relief as the Court deems just and proper under the circumstances.

Plaintiff requests trial by jury.

**DUANE MORRIS LLP**

Attorneys for Plaintiff
Universal Underwriters Insurance Company

Dated: June 22, 2007     By: /s/ Max H. Stern

DM1\1149752