1 | MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
2 | **DUANE MORRIS** LLP
One Market, Spear Tower, Suite 2000
3 | San Francisco, CA 94105-1104
Telephone: 415.957.3000
4 | Facsimile: 415.957.3001
email: MHStern@duanemorris.com
5 | email: WSBerman@duanemorris.com

6 | Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
7 | COMPANY, a Kansas corporation

8 | PETER D. NITSCHKE (SBN 174123)
**NITSCHKE & VARRICCHIO** LLP
9 | 23861 El Toro Road, Suite 700
Lake Forest, CA 92630
10 | Telephone: (949) 830-9400
Facsimile: (949) 830-9405

11 |
Attorneys for Defendants
12 | WALNUT CREEK ASSOCIATES 5, INC. dba
OAKLAND ACURA, PROFORMANCE
13 | ASSOCIATES, INC., JAMES NIELSEN,
WALNUT CREEK ASSOCIATES 2, INC.,
14 | WALNUT CREEK ASSOCIATES, INC. dba
WALNUT CREEK ACURA, PHILIP PETERSON
15 | and GORDON WALTON

16 | IN THE UNITED STATES DISTRICT COURT

17 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

18 |

| | |
|---|---|
| 19 UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation, | Case No.: C 07 2858 |
| 20 Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 21 v. | |
| 22 WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; | Date: September 5, 2007 Time: 10:30 a.m. |
| 23 PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an | Courtroom: F, 15th Floor Judge: Magistrate Judge James Larson |
| 24 individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK | Complaint Filed: June 1, 2007 |
| 25 ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an | |
| 26 individual, GORDON WALTON, an individual | |
| 27 Defendants. | |
| 28 | |

Case No. C 07 2858

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Pursuant to the Court's June 1, 2007 Order Setting Initial Case Management Conference and

2    ADR Deadlines, plaintiff Universal Underwriters Insurance Company ("Universal") and defendants

3    Walnut Creek Associates 5, Inc. dba Oakland Acura, Proformance Associates, Inc. James Nielsen,

4    Walnut Associates 2, Inc, Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Philip Peterson

5    and Gordon Walton (collectively "Automobile Dealer Defendants") jointly submit this Case

6    Management Conference Statement.

7    **A.    Jurisdiction and Service**

8    Jurisdiction is proper in this Court, under 28 U.S.C. § 1332, based on the diversity of

9    citizenship of the plaintiff and the defendants, and the matter in controversy against each Defendant

10   exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs.  In addition, under 28

11   U.S.C. § 1391, venue is proper because a substantial part of the acts or omissions giving rise to this

12   dispute occurred in this judicial district.

13   All defendants have been served and answered the Complaint.

14   **B.    Factual Background**

15   This an insurance coverage declaratory judgment and restitution/reimbursement action in

16   which Universal seeks to have determined the rights and duties, if any, under its policies with respect

17   to the underlying complaint brought by Berkeley Honda against certain Universal insureds.

18   The underlying Berkeley Honda action involves ten causes of action, including causes of

19   action for: (1) Misappropriation of Trade Secrets; (2) Unfair Competition in Violation of Business &

20   Professions Code section 17200; (3) Intentional Interference with Prospective Economic Advantage:

21   (4) Conversion; (5) Trespass; (6) Accounting; (7) Breach of Confidence; (8) Unjust Enrichment; (9)

22   Injunction under Civil Code Section 3422 and Code of Civil Procedure Section 526; and (10)

23   Negligent Supervision.

24   The factual predicate to Berkeley Honda's claim is that the defendants took, used and

25   misappropriated Berkeley Honda's customer database without authorization, to the defendants'

26   financial benefit and to the detriment of Berkeley Honda for which Berkeley Honda seeks redress.

27   Berkeley Honda also asserts that defendant James Nielsen converted Berkeley Honda's mobile

28   telephone and phone number for the benefit of Mr. Nielsen and Oakland Acura.  Berkeley Honda's

1  Prayer for Relief includes requests for: (1) compensatory damages; (2) punitive damages; (3)

2  imposition of a constructive trust on all revenue, profits, gains and compensation or advantage from

3  the alleged misconduct; (4) an accounting; (5) pre-judgment interest; (6) an injunctive relief; (7)

4  costs of suit, including attorney's fees; and (8) other relief that the court may deem appropriate.

5  Universal is providing a defense to each of the Automobile Dealer Defendants against the

6  claims asserted against it in the Berkeley Honda action as well as providing independent counsel, all

7  of which is subject to a complete reservation of rights.

8  In this action, Universal is not contesting its duty to defend and indemnity obligation with

9  respect to the allegation of conversion of actual personal property, but not intellectual property, as

10  pled in the Fourth Cause of Action in the Berkeley Honda action; however, Universal contends no

11  other allegations of any cause of action in the Berkeley Honda action fall within the scope of

12  coverage provided by the policies issued by Universal to trigger a defense or indemnity obligation.

13  The Automobile Dealer Defendants contend that Universal is obligated to provide them with a

14  defense in the Berkeley Honda action with respect to the allegations of misappropriation of

15  intellectual property.

16  Universal contends that it is entitled to be reimbursed by the Defendants, and each of them,

17  for defense costs and fees advanced with respect to the Berkeley Honda action that are attributable to

18  uncovered claims. Universal also seeks a declaration that it has and had no obligation to provide

19  independent counsel with respect to the Berkeley Honda action in addition to

20  reimbursement/restitution of the costs and fees advanced with respect to providing independent

21  counsel. The Automobile Dealer Defendants contend that because Universal is obligated to provide

22  them with a defense to all claims in the underlying action, they are not obligated to reimburse

23  Universal of defense costs and fees with respect to the Berkeley Honda action.

24  C.    **Legal Issues**

25      •    Whether Universal Has An Obligation To Indemnify For Anything Other Than The
           Alleged Taking of Actual Personal Property, Not Intellectual Property, With Respect
26           To the Berkeley Honda Action (First Count)

27

28

- Whether Universal Has An Obligation To Defend For Anything Other Than The Alleged Taking of Actual Personal Property, Not Intellectual Property, With Respect To the Berkeley Honda Action (Second Count)

- Whether Universal Has An Obligation To Provide Independent Counsel With Respect To the Berkeley Honda Action (Third Count)

- Whether Universal Is Entitled To Reimbursement/Restitution Of Amounts Advanced For Defense Counsel Fees and Costs With Respect To the Berkeley Honda Action And, If So, In What Amount (Fourth Count)

- Whether Universal Is Entitled To Reimbursement/Restitution Of Amounts Advanced For Independent Counsel Fees and Costs With Respect To the Berkeley Honda Action And, If So, In What Amount (Fifth Count)

**D.    Motions**

The Defendants intend to file a motion to stay this action pending the resolution of the underlying Berkeley Honda action. The parties anticipate entering into a stipulation to the stay the Fourth Count regarding reimbursement/restitution of defense costs until after the Second Count regarding the duty to defend is resolved by motion. In addition, the parties agree to stay the Fifth Count until after the underlying action has been resolved by motion, settlement or trial.

The parties anticipate that motions/cross-motions for partial summary judgment on the first three counts of Universal's Complaint will be filed by mid-September 2007. One motion will address the legal issues of the duty to defend and indemnify (Count One and Two of the Complaint), and a separate motion will concern whether Universal has an obligation to provide independent counsel pursuant to California Civil Code section 2860 (Count Three).

**E.    Amendment of Pleadings**

No amendments to the pleadings are presently contemplated.

**F.    Evidence Preservation**

No evidence preservation issues exist at this time.

**G.    Disclosures**

The parties have made their initial disclosures. Universal identified one witness and less than 15 documents or categories of document in its Rule 26 disclosure. The Automobile Dealer Defendants have identified 5 witnesses and less than 15 documents or categories of documents in its

1  Rule 26 disclosure.  The parties have exchanged documents.

2  **H.    Discovery**

3      The parties see no reason to deviate from the Federal Rules of Civil Procedure with respect to

4  discovery.  The parties are discussing potentially developing a set of stipulated facts in conjunction

5  with the preparation of motions/cross-motions for summary judgment, which ultimately could affect

6  the nature and scope of discovery each party may require.

7  **I.    Related Cases**

8      The underlying case to this insurance coverage declaratory

9  judgment/restitution/reimbursement action is venued in Contra Costa County Superior Court and is

10  styled as *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek Associates 5,*

11  *Inc., dba Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive,* in Superior

12  Court of State of California, County of Contra Costa, Case No. C 05-02372.  The underlying case is

13  currently set for trial on October 15, 2007.

14  **J.    Relief**

15      Declaratory and monetary relief is sought in the Complaint.  The declarations sought concern

16  Universal's defense and indemnity obligations with respect to the underlying action.  Universal also

17  is seeking reimbursement/restitution for defense costs and fees advanced with respect to the

18  Berkeley Honda action that are attributable to uncovered claims.  In addition, Universal seeks a

19  declaration that it has and had no obligation to provide independent counsel with respect to the

20  Berkeley Honda action and it seeks reimbursement/restitution of the costs and fees advanced with

21  respect to providing independent counsel.

22  **K.    Settlement and ADR**

23      Because legal rulings on the anticipated motions/cross-motions for summary judgment likely

24  will resolve the differences between the parties on a number of issues, the parties respectfully

25  request any ADR referral be deferred until after the court's ruling on the motions/cross-motions.  A

26  suitable ADR mechanism can be discussed at a status conference following the court's rulings on the

27  motions/cross motions.

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**L.    Consent to Magistrate Judge For All Purposes**

For this matter, Universal has elected to decline to proceed before a Magistrate Judge and requests reassignment to a United States District Judge.

**M.    Other References**

Not applicable.

**N.    Narrowing of Issues**

If the court does not stay this action pending the outcome of the underlying case, motions/cross-motions for partial summary judgment with respect to the first three counts asserted in the Universal's Complaint will be filed by mid-September 2007 to narrow the issues in this action.

Also, the parties have agreed to stipulate to stay the proceeding with respect to the Fourth Count until after a ruling on the motion for partial summary judgment on Second Count regarding the duty to defend.

In addition, the parties are in agreement and shall enter into a stipulation to stay the proceeding only with respect to Universal's Fifth Count in the operative Complaint for Declaratory Relief – No Indemnity Obligation as to the *Berkeley Honda* Action, Except for Alleged Taking of Actual Personal Property, Not Intellectual Property, Based On Potentially Mixed Issues of Fact and Law, until after the underlying action has been resolved by motion, settlement or trial.

**O.    Expedited Schedule**

While motions/cross-motions for partial summary judgment will be brought by mid-September, the parties do not believe that the Court should impose an expedited schedule for this action. Some portion of the case will remain stayed at least through the resolution of such dispositive motions.

**P.    Scheduling**

Because motions/ cross-motions for partial summary judgment will be filed by mid-September on three of the five counts asserted in the Complaint and because the parties are in agreement to stay the two other counts for specified periods of time, the parties recommend that the Court schedule a Status Conference to address any scheduling matter following the Court's ruling of the motions/cross-motions for partial summary judgment.

**Q.    Trial**

Universal has requested a Jury Trial. However, because the anticipated motions/cross-motions for partial summary judgment on legal issues are anticipated to be filed by mid-September, and other counts in the Complaint are to be stayed as discussed above, the parties recommend that the Court revisit issue matter at a Status Conference following the rulings on the motions/cross motions for partial summary judgment.

**R.    Disclosures of Non-Party Interested Entities or Persons**

Universal has filed its "Certificate of Interested Entities or Persons," which states:

> Pursuant to Civil LR 3-16, the undersigned certifies that the following listed persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:
>
> 1.    Universal Underwriters Insurance Company (Defendant)
>
> 2.    Zurich American Insurance Company (Parent)
>
> 3.    Zurich Holding Company of America (Parent)
>
> 4.    Zurich Financial Services Group (Publicly Traded ADRs).

The Automobile Dealer Defendants have filed their "Certificate of Interested Entities or Persons," which states:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**S.    Other Matters That May Facilitate The Just, Speedy and Inexpensive Disposition**

None at the present time.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DUANE MORRIS** LLP

Attorneys for Plaintiff
Universal Underwriters Insurance Company

Dated: August 28, 2007          By: _____/S/_____
                                        Max H. Stern
                                        William S. Berman


**NITSCHKE & VARRICCHIO** LLP

Attorneys for Defendants
Walnut Creek Associates 5, Inc. dba OAKLAND
Acura, Proformance Associates, Inc., James Nielsen,
Walnut Creek Associates 2, Inc., Walnut Creek
Associates, Inc. dba Walnut Creek Acura, Philip
Peterson and Gordon Walton

Dated: August ___, 2007          By: _____
                                        Peter D. Nitschke

8                                    Case No. C 07 2858
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

2

3

4   Dated: August ___, 2007

5

6

7

8

9

10

11

12   Dated: August 28, 2007

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUANE MORRIS** LLP

Attorneys for Plaintiff
Universal Underwriters Insurance Company

By: _____

Max H. Stern
William S. Berman

**NITSCHKE & VARRICCHIO** LLP

Attorneys for Defendants
Walnut Creek Associates 5, Inc. dba OAKLAND
Acura, Proformance Associates, Inc., James Nielsen,
Walnut Creek Associates 2, Inc., Walnut Creek
Associates, Inc. dba Walnut Creek Acura, Philip
Peterson and Gordon Walton

By: _____

Peter D. Nitschke

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

*Universal Underwriters Ins. Co. v. Oakland Acura, et al.*
*United States District Court, No.: C 07 2858 JL*

**PROOF OF SERVICE**

       I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

       **See attached list**

☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile at approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (415) 955-2599. The name(s) and facsimile machine telephone number(s) of the person(s) served is listed in the attached service list marked with a ^^^. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

☒    **BY ELECTRONIC SERVICE:** I served a true copy electronically on designated recipients through https://ecf.cand.uscourts.gov. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by this system.

       Executed on August 28, 2007, at San Francisco, California.

/s/

_____
JoAnna Soliman

PROOF OF SERVICE; No. C 07 2858 JL

DM1\1181580.1