MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
email: MHStern@duanemorris.com
email: WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

PETER D. NITSCHKE (SBN 174123)
**NITSCHKE & VARRICCHIO LLP**
23861 El Toro Road, Suite 700
Lake Forest, CA 92630
Telephone: (949) 830-9400
Facsimile: (949) 830-9405

Attorneys for Defendants
WALNUT CREEK ASSOCIATES 5, INC. dba
OAKLAND ACURA, PROFORMANCE
ASSOCIATES, INC., JAMES NIELSEN,
WALNUT CREEK ASSOCIATES 2, INC.,
WALNUT CREEK ASSOCIATES, INC. dba
WALNUT CREEK ACURA, PHILIP PETERSON
and GORDON WALTON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual<br><br>Defendants. | Case No.: C 07 2858 SC<br><br>**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        January 25, 2008<br>Time:        10:00 a.m.<br>Courtroom:  1<br><br>Complaint Filed: June 1, 2007 |

1
JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to Local Rule 16-10(d), plaintiff Universal Underwriters Insurance Company ("Universal") and defendants Walnut Creek Associates 5, Inc. dba Oakland Acura, Proformance Associates, Inc. James Nielsen, Walnut Associates 2, Inc, Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Philip Peterson and Gordon Walton (collectively "Automobile Dealer Defendants") jointly submit this Supplemental Case Management Conference Statement.

**A.    Factual Background**

The parties incorporate by reference the information set forth in their initial Joint Case Management Statement. By way of a brief overview, this an insurance coverage declaratory judgment and restitution/reimbursement action in which Universal seeks to have determined the rights and duties, if any, under its policies with respect to the underlying complaint brought by Berkeley Honda against the Automobile Dealer Defendants.

The factual predicate to Berkeley Honda's claim is that the defendants took, used and misappropriated a copy of Berkeley Honda's customer database without authorization, to the defendants' financial benefit and to the detriment of Berkeley Honda for which Berkeley Honda seeks redress. Berkeley Honda also asserts that defendant James Nielsen converted Berkeley Honda's mobile telephone and phone number for the benefit of Mr. Nielsen and Oakland Acura. Berkeley Honda's Prayer for Relief includes requests for: (1) compensatory damages; (2) punitive damages; (3) imposition of a constructive trust on all revenue, profits, gains and compensation or advantage from the alleged misconduct; (4) an accounting; (5) pre-judgment interest; (6) an injunctive relief; (7) costs of suit, including attorney's fees; and (8) other relief that the court may deem appropriate.

Universal is providing a defense to each of the Automobile Dealer Defendants against the claims asserted against it in the Berkeley Honda action as well as providing independent counsel, all of which is subject to a complete reservation of rights.

In this action, Universal is not contesting its duty to defend and indemnity obligation with respect to the allegation of conversion of actual personal property, but not intellectual property, as pled in the Fourth Cause of Action in the Berkeley Honda action; however, Universal contends no other allegations of any cause of action in the Berkeley Honda action fall within the scope of

coverage provided by the policies issued by Universal to trigger a defense or indemnity obligation. Consequently, Universal is entitled to be reimbursed by the Defendants, and each of them, for defense costs and fees advanced with respect to the Berkeley Honda action that are attributable to uncovered claims. Universal also seeks a declaration that it has and had no obligation to provide independent counsel with respect to the Berkeley Honda action in addition to reimbursement/restitution of the costs and fees advanced with respect to providing independent counsel.

**B.    The Related Underlying Action**

The underlying case to this insurance coverage declaratory judgment/restitution/reimbursement action is venued in Contra Costa County Superior Court and is styled as *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek Associates 5, Inc., dba Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive*, in Superior Court of State of California, County of Contra Costa, Case No. C 05-02372.

Several dispositive motions have been heard in the underlying case. As a result of those motions, Proformance Associates, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda have been dismissed from the underlying case.

There is a pending motion for summary adjudication in the underlying action brought by the remaining defendants which is scheduled to be heard on January 16, 2008.

Trial in the underlying action is scheduled for June 2, 2008.

**C.    Outcome of Initial Case Management Conference**

At the initial Case Management Conference, this Court stayed the present action until January 25, 2008, pending the status of the underlying litigation. Because of the stay, there has been no discovery in this matter.

**D.    Parties' Recommendations Concerning This Action**

Plaintiff Universal submits that there are a number of issues raised in the Complaint in this Action that are strictly legal issues, including whether Universal has defense and/or indemnity obligation(s) with respect to the allegations of misappropriation of intellectual property and whether Universal has an obligation to pay for independent defense (Cumis) counsel, that properly may be

resolved by this Court on motion(s) for partial summary judgment while the underlying action is proceeding. Universal therefore respectfully requests that the Court permit this Action to proceed at this time on the First, Second and Third Counts in its Complaint.

    Defendants request that the court continue the stay in the instant action pending the outcome of the June 2, 2008 trial of the underlying case.

Respectfully submitted,

**DUANE MORRIS** LLP

Attorneys for Plaintiff
Universal Underwriters Insurance Company

Dated: January 15, 2008    By: _____
Max H. Stern
William S. Berman


**NITSCHKE & VARRICCHIO** LLP

Attorneys for Defendants
Walnut Creek Associates 5, Inc. dba OAKLAND Acura, Proformance Associates, Inc., James Nielsen, Walnut Creek Associates 2, Inc., Walnut Creek Associates, Inc. dba Walnut Creek Acura, Philip Peterson and Gordon Walton

Dated: January 16, 2008    By: _____
Peter D. Nitschke