# EXHIBIT A

MELVIN D. HONOWITZ (State Bar No. 57341)
CONSTANCE J. YU (State Bar No. 182704)
JULIA MEZHINSKY JAYNE (State Bar No. 202753)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Plaintiff
BERKELEY AUTO GROUP, LLC

**F I L E D**

NOV 29 2005

CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA, WALNUT CREEK
BY _____ DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

### UNLIMITED JURISDICTION

**BY FAX**

| | |
|---|---|
| BERKELEY AUTO GROUP, LLC, dba BERKELEY HONDA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES NIELSEN, an individual; WALNUT CREEK ASSOCIATES 5, INC., dba OAKLAND ACURA; and PROFORMANCE ASSOCIATES INC.; and DOES 1-20, inclusive, <br><br> Defendant. | CASE NO. C 05-02372 <br><br> **FIRST AMENDED COMPLAINT FOR:** <br> (1) **MISAPPROPRIATION OF TRADE SECRETS;** <br> (2) **UNFAIR COMPETITION;** <br> (3) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;** <br> (4) **CONVERSION;** <br> (5) **TRESPASS;** <br> (6) **ACCOUNTING;** <br> (7) **BREACH OF CONFIDENCE;** <br> (8) **UNJUST ENRICHMENT** <br> (9) **INJUNCTION; AND** <br> (10) **NEGLIGENT SUPERVISION.** |

Case No. C 05-02372

10420990.tif - 11/29/2005 4:00:57 PM

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

**Exhibit A - 0001**

11/29/05  15:55  FAX  425  592  082    SIDEMAN&BANCROFT    ☒004/023

1    Plaintiff BERKELEY AUTO GROUP, LLC, dba BERKELEY HONDA, alleges for its

2    Complaint as follows:

3    ## INTRODUCTION

4    1.    This action for damages and injunctive relief against Defendant JAMES NIELSEN

5    ("Nielsen"), and Nielsen's current employer, Defendant WALNUT CREEK ASSOCIATES 5,

6    INC., dba OAKLAND ACURA ("Oakland Acura") and Defendant PROFORMANCE

7    ASSOCIATES INC, (collectively, "Defendants") arises out of defendant Nielsen's

8    misappropriation of protected trade secrets belonging to Plaintiff BERKELEY AUTO GROUP,

9    LLC, dba, BERKELEY HONDA ("Berkeley Honda").

10    2.    Berkeley Honda is a is a dealership and service station for Honda vehicles.

11    Berkeley Honda's business depends upon its relationship with existing customers and its ability to

12    provide its customers with consistent, reliable service.

13    3.    Defendant Nielsen was the service manager, staff coordinator, and person who

14    handled the information technology for Berkeley Honda until he voluntarily terminated his

15    employment on August 31, 2005.  Nielsen promptly entered into a business relationship with

16    Oakland Acura, a direct competitor of Berkeley Honda.  Nielsen is currently the Service Manager

17    at Oakland Acura.

18    4.    As service and technology manager for Berkeley Honda, Defendant Nielsen had

19    access to Berkeley Honda's password-protected computer system, which maintained Berkeley

20    Honda's trade secrets and confidential and proprietary information; namely, Berkeley Honda's

21    customer list, consisting of tens of thousands of customers, and personal customer information,

22    including financial information and service records.

23    5.    Berkeley Honda is informed and believes that sometime prior to August 31, 2005

24    and/or shortly after August 31, 2005, Nielsen stole Berkeley Honda's proprietary and confidential

25    customer list and customer information.

26    6.    Berkeley Honda is informed and believes and thereon alleges that since the

27    termination of his employment with Berkeley Honda, Nielsen used Berkeley Honda's proprietary

28    and confidential customer list and customer information for his own economic advantage as well

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

2

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0002

11/29/05  13:55 FAX 415 392 0827          SIDEMAN&BANCROFT                    005/023

1    as that of Oakland Acura.  In addition, Nielsen converted Berkeley Honda's telephone equipment

2    and telephone number known to be a Berkeley Honda telephone number to the benefit of

3    Defendant and each of them.

4         7.       Berkeley Honda is informed and believes that Nielsen has solicited business from

5    Berkeley Honda's past and existing customers (including using the U.S. Postal Service to mail a

6    solicitation to customers from Berkeley Honda's customer list) while employed at Oakland Acura,

7    and by so doing interfering, without privilege, in Berkeley Honda's contractual and business

8    relationships.  The solicitation also includes the purloined telephone number directing Berkeley

9    Honda's service customers to Defendants.

10        8.       Berkeley Honda is informed and believes that Oakland Acura knew and had reason

11   to know of Nielsen's possession and utilization of Berkeley Honda's Confidential Information,

12   and that Oakland Acura authorized and participated in the mailing of the solicitation to Berkeley

13   Honda's customers.

14        9.       Defendants and each of them has caused substantial damage to Berkeley Honda by

15   their conduct, only some of which is compensable in monetary damages.  Berkeley Honda is

16   therefore entitled to injunctive relief against the continuation of such behavior, in addition to the

17   payment of substantial damages by Defendants.

18                      **PARTIES, JURISDICTION, AND VENUE**

19        10.      Plaintiff Berkeley Honda is a California franchise.  Berkeley Honda's corporate

20   headquarters and principal place of business are located in Berkeley, Alameda County, California

21   and Berkeley Honda services customers throughout both Alameda and Contra Costa counties.

22        11.      Berkeley Honda is informed and believes and alleges thereon that Defendant

23   Nielsen is a resident of Berkeley, Alameda County, California.

24        12.      Berkeley Honda is informed and believes and alleges thereon that Defendant

25   Oakland Acura is a California franchise owned by Walnut Creek Associates 5, Inc.

26        13.      Berkeley Honda is informed and believes and alleges thereon that Defendant

27   Proformance Associates Inc., provides personnel management services for Oakland Acura, and

28   has its corporate headquarters and principal place of business in Walnut Creek, Contra Costa

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0003

1    County, California.   Berkeley Honda is further informed and believes that Proformance

2    Associates Inc. is owned and controlled by David A. Robb, a resident of Lafayette, Contra Costa

3    County, California.

4        14.    Berkeley Honda does not know the true names and capacities, whether individual,

5    corporate, associate or otherwise, of DOES 1 through 20, and therefore sues those defendants by

6    these fictitious names.  On information and belief, Berkeley Honda alleges that each of the

7    fictitiously named defendants is responsible in some manner for some or all of the acts alleged

8    herein, and that Berkeley Honda's damages as herein alleged were proximately caused by such

9    defendants.  Berkeley Honda will amend its Complaint to set forth the true names and capacities

10   of the fictitiously named defendants once it has ascertained that information.

11       15.    Berkeley Honda is further informed and believes, and thereon alleges, that at all

12   times mentioned herein, Defendants, and each of them, were the agents, servants, employees,

13   affiliates, joint venturers and/or partners of their co-defendants, and in acting as alleged herein, did

14   so within the course and scope of their authority in each such capacity, and with the permission

15   and consent of their co-defendants.

16       16.    Jurisdiction and venue are proper in this Court because the amount in controversy

17   is within the jurisdictional limits of this Court and because Defendant Proformance Associates

18   Inc.'s principal place of business is located in Contra Costa County, as is the residence of Oakland

19   Acura's owner, David A. Robb.

20                    **FACTUAL BACKGROUND**

21       17.    All allegations based upon information and belief set forth herein are likely to have

22   evidentiary support after a reasonable opportunity for further investigation or discovery.

23       18.    Nielsen was hired by Berkeley Honda in the capacity of a service manager.  In that

24   capacity, Nielsen's duties included, but were not limited to: (a) customer relations;

25   (b) administering the service department's operational procedures, programs, systems, and

26   standards; (c) preparing monthly and annual departmental forecasts; (d) creating and evaluating

27   labor times for customer pay and internal operations; (e) mediating internal conflicts and

28   maintaining a relationship with the local union representatives; (f) quality control of repairs and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

4
FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Case No. C 05-02372

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0004

1   documentation; (g) developing, calculating, inputting and reviewing a bonus program in the

2   computer; (h) coordinating and completing monthly work-in-process; (i) managing information

3   technology; and (j) reviewing repairs with customers.

4       19.    In order to fulfill his employment requirements, Nielsen was given permission to

5   access Berkeley Honda's confidential information, proprietary assets, and trade secrets.

6       20.    Berkeley Honda's confidential information, proprietary assets and trade secrets (the

7   "Confidential Information") include, but are not limited to, materials and/or information

8   concerning or comprising the identities of past, present or potential clients, including compilations

9   thereof; compilations of the identities of customers, including addresses, telephone numbers,

10  social security numbers, billing information, vehicle identification numbers ("VINs") and other

11  contact information; confidential customer financial data; special offers made to individual

12  customers; the details of customer service history with Berkeley Honda; other confidential

13  information concerning relationships with customers; and confidential internal and customer

14  correspondence concerning the foregoing.

15      21.    The aforementioned Confidential Information is Berkeley Honda property,

16  extremely valuable to Berkeley Honda and critical to its business operations. Such Confidential

17  Information is confidential and unique, and has been difficult, costly, and time-consuming to

18  develop, compile and accumulate.

19      22.    On or about May 31, 2005, The Berkeley Auto Group acquired Berkeley Honda.

20  As part of the purchase, material consideration was paid for Berkeley Honda's customer list.

21  Accordingly, Berkeley Honda's Confidential Information would be and is extremely valuable to

22  Berkeley Honda's competitors.

23      23.    Under the former and current ownership, Berkeley Honda has implemented and

24  enforced reasonable and appropriate methods to protect its Confidential Information. These

25  methods have included (but are not limited to) passwords on the computer system which limit a

26  user's ability to access confidential customer information. Only those with authorized access were

27  informed of the passwords. Nielsen, while service manager and the information technology

28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

5

10420990.tif - 11/29/2005 4:00:57 PM

**Exhibit A - 0005**

1    person for Berkeley Honda, was given the password and therefore was able to access Berkeley

2    Honda's Confidential Information in the course of his professional duties.

3        24.    In August 2005, Nielsen advised Berkeley Honda that he intended on resigning in

4    order to go work for Oakland Acura. On August 31, 2005, Nielsen resigned from Berkeley

5    Honda.

6        25.    Berkeley Honda is informed and believes, and thereon alleges, that prior to and/or

7    after his departure from Berkeley Honda, Nielsen stole valuable Berkeley Honda trade secrets,

8    including, but not limited to, Berkeley Honda's customer list, which included customer contact

9    information and customer account information, as well as other Confidential Information.

10       26.    Berkeley Honda is informed and believes, and thereon alleges, that since

11   commencing work with Oakland Acura, Defendants and each of them wrongfully began using

12   Berkeley Honda's Confidential Information which he stole from Berkeley Honda and wrongfully

13   retained for his own benefit and the benefit of his new employer.

14       27.    Berkeley Honda is further informed and believes, and thereon alleges, that Nielsen

15   thereafter contacted Berkeley Honda's customers, using Berkeley Honda's confidential customer

16   list, and sought to solicit their business for Oakland Acura.

17       28.    On or about September 30, 2005, Berkeley Honda's General Manager, Steve

18   Haworth, learned that Nielsen, from the offices of Oakland Acura, used the U.S. Postal Service to

19   send a solicitation to thousands of Berkeley Honda's customers advertising James Nielsen as its

20   new service manager and soliciting Honda customers to take their business to Oakland Acura.

21   Attached hereto as **Exhibit A** is a true and correct copy of the solicitation mailed to Berkeley

22   Honda's customers.

23       29.    The solicitation for Oakland Acura lists a cell phone number (510-812-7474) that

24   has been used, was and is owned by, and is known as a telephone number for Berkeley Honda.

25   Berkeley Honda is informed and believes, and thereon alleges, that Defendants and each of them

26   use the Berkeley Honda telephone number to solicit Berkeley Honda customers away from

27   Berkeley Honda and instead to Oakland Acura. Furthermore, Defendants and each of their

28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

6

10420990.tif - 11/29/2005 4:00:57 PM

1   deceptive use of Berkeley Honda's phone number (paid for by Berkeley Honda) as their own is

2   intended to entice customers to call Oakland Acura on the telephone number under false pretenses.

3       30.      Berkeley Honda is further informed and believes, and thereon alleges, that

4   Berkeley Honda's proprietary and confidential customer information was entered into Oakland

5   Acura's internal computer system.

6       31.      Upon learning of the theft of Berkeley Honda's Confidential Information on

7   October 6 or 7, 2005, Steve Haworth telephoned Jeanette Lettich, personnel manager for Oakland

8   Acura (and who is employed by Defendant Proformance Associates Inc.), to inform her of

9   Defendant Nielsen's suspected actions.

10      32.      On October 10, 2005, Ms. Lettich admitted to Steve Haworth that Oakland Acura

11   was in possession of Berkeley Honda's Confidential Information which had been utilized by

12   Defendants and each of them and that the solicitation was mailed by Oakland Acura to Berkeley

13   Honda's customers.

14      33.      Berkeley Honda is informed and believes, and thereon alleges, that Nielsen's initial

15   scheme to defraud Berkeley Honda involved the theft of the Confidential Information, and Nielsen

16   and Oakland Acura's subsequent scheme to defraud Berkeley Honda involved the dissemination

17   and use of the Confidential Information to compete against Berkeley Honda. The Confidential

18   Information has been used by Defendants and each of them to their economic benefit.

19      34.      Berkeley Honda is informed and believes, and thereon alleges, that as a direct and

20   proximate result of, and but for, Defendants and each of their misconduct, including their

21   improper removal, retention and use of Berkeley Honda Confidential Information, Berkeley

22   Honda has suffered damage to its business relationships with customers and others, based on

23   Defendants and each of their conversion of Plaintiff's proprietary information.

24      35.      Berkeley Honda is informed and believes, and thereon alleges, that Defendants and

25   each of them will continue to retain, convert and misappropriate Berkeley Honda's Confidential

26   Information for their own benefit unless prevented from doing so by Order of this Court.

27      36.      To date, Berkeley Honda's Confidential Information has not been returned to

28   Berkeley Honda, despite Berkeley Honda's request for its return.

10420990.tif - 11/29/2005 4:00:57 PM

**Exhibit A - 0007**

**FIRST CAUSE OF ACTION**
**Misappropriation of Trade Secrets**
**(Against All Defendants)**

37.   Berkeley Honda realleges and incorporates by reference paragraphs 1 through 36 above.

38.   In the course of its business operations, Berkeley Honda has developed and acquired information which derives independent economic value from not being generally known to the public or others who could obtain economic benefit from its disclosure or use. This information includes (but is not limited to) the names of Berkeley Honda's past, current and potential clients and business contacts (the Confidential Information described herein).

39.   Berkeley Honda has made reasonable efforts to maintain the secrecy of this Confidential Information, including through confidential passwords on Berkeley Honda's computer system, which contains the Confidential Information. Berkeley Honda has safeguarded the Confidential Information within Berkeley Honda and has further guarded the information from disclosure in public documents and in materials circulated outside of Berkeley Honda.

40.   Berkeley Honda is informed and believes and on that basis alleges that, by the acts alleged above, Defendants and each of them have engaged in the unauthorized use of Berkeley Honda's trade secrets, which Defendants and each of them (a) had acquired by improper means and/or (b) at the time of use, knew or had reason to know it had been acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. Accordingly, both Defendants and each of them are liable for the misappropriation of Berkeley Honda's trade secrets, pursuant to California Civil Code section 3426.1 and/or the common and/or other law.

41.   Berkeley Honda is informed and believes and on that basis alleges that, as a proximate result of Defendants and each of their actions, Berkeley Honda has been damaged, and Defendants and each of them have been unjustly enriched, in an amount which will be proved at trial, and Berkeley Honda is entitled to recover its damages and to obtain preliminary and permanent injunctive relief pursuant to California Civil Code sections 3426.2 and 3426.3.

42.   Berkeley Honda is informed and believes and on that basis alleges that, because Defendants and each of their misappropriation has been willful and malicious, Berkeley Honda

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1 │ further is entitled to recover exemplary damages in an amount no less than double the damages

2 │ done to it, pursuant to California Civil Code section 3426.3 and other applicable law, in order to

3 │ punish both Nielsen and Oakland Acura for their wrongful behavior and to deter others from

4 │ engaging in similar misconduct.

5 │     43.    Berkeley Honda is informed and believes and on that basis alleges that if neither

6 │ damages nor unjust enrichment caused by Defendants' misappropriation are provable, Berkeley

7 │ Honda is entitled to payment of a reasonable royalty from Defendants.

8 │     44.    Additionally, Berkeley Honda is informed and believes and on that basis alleges

9 │ that because Defendants and each of their misappropriation has been willful and malicious,

10 │ Berkeley Honda further is entitled to recover its attorneys fees in this matter, pursuant to

11 │ California Civil Code section 3426.4 and other applicable law.

**SECOND CAUSE OF ACTION**
**Unfair Competition**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**
**(Against all Defendants)**

15 │     45.    Berkeley Honda realleges and incorporates by reference paragraphs 1 through 44

16 │ above.

17 │     46.    The conduct described herein including but not limited to misappropriation and use

18 │ of Berkeley Honda's trade secrets and confidential information and use Berkeley Honda's known

19 │ telephone number constitutes unlawful business practices and unfair competition under Cal. Bus.

20 │ & Prof. Code §§ 17200 et seq.  Said conduct is continuing and ongoing.

21 │     47.    As a direct and proximate result of Defendants and each of their unlawful business

22 │ practices, Berkeley Honda has suffered irreparable harm and will continue to suffer irreparable

23 │ injury that cannot be adequately remedied at law unless Defendants and all persons acting in

24 │ concert with them, are enjoined from engaging in any further unlawful business practices.

25 │     48.    As a direct and proximate result of Defendants' conduct as alleged herein,

26 │ Defendants and each of them have been unjustly enriched by having taken advantage of and

27 │ having benefited from Nielsen's retention, knowledge and use of the Confidential Information.

28 │ Berkeley Honda is therefore entitled to restitutionary damages as disgorgement of any profits

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0009

1 received by Defendants as a result of the aforementioned conduct, which they hold in constructive

2 trust for Berkeley Honda's benefit. Berkeley Honda also is entitled to an order enjoining

3 Defendants and each of them from using, disposing of, wasting or in any other respect dissipating

4 any and all proceeds directly or indirectly traceable to their misconduct and which Defendants

5 hold in constructive trust for Berkeley Honda's benefit.

**THIRD CAUSE OF ACTION**
**Intentional Interference With**
**Prospective Economic Advantage**
**(Against all Defendants)**

9     49.     Berkeley Honda realleges and incorporates by reference paragraphs 1 through 48

10 above.

11     50.     Berkeley Honda has long-standing and profitable business relationships with

12 customers whom Defendants and each of them have recruited for their own economic advantage.

13 Because of the nature of these relationships, Berkeley Honda has had a reasonable expectation that

14 these relationships would continue to exist, with immediate and on-going benefit to Berkeley

15 Honda, including the likelihood that past relationships would result in repeat business from

16 existing customers and referrals for new customers for Berkeley Honda's services.

17     51.     Defendants and each of them have knowledge of and intentionally and wrongfully

18 interfered with and have disrupted the relationships described herein, and Berkeley Honda's

19 consequent reasonable expectations of immediate and continuing economic benefits, by engaging

20 in the conduct alleged herein, including, but not limited to the following: misappropriating,

21 disclosing, and using Berkeley Honda's Confidential Information.

22     52.     Defendants and each of their conduct was unprivileged.

23     53.     As a direct and proximate result of Defendants' acts, Berkeley Honda has sustained

24 damages in an amount to be proven at trial.

25     54.     As a direct and proximate result of Defendants' conduct alleged herein, Berkeley

26 Honda has suffered irreparable harm and will continue to suffer irreparable injury that cannot be

27 adequately remedied at law unless Defendants, and all persons acting in concert with them, are

28 enjoined from engaging in further similar misconduct.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

Exhibit A - 0010

55.    Defendants and each of their conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit themselves. Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

**FOURTH CAUSE OF ACTION**
**Conversion**
**(Against All Defendants)**

56.    Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 55 above.

57.    At all times mentioned herein, Berkeley Honda was, and still is, the owner of the Confidential Information, all of which are valuable to Berkeley Honda and necessary for its conduct of business. The Confidential Information also has been and is extremely valuable to Defendants and each of them. The Confidential Information's monetary value exceeds the jurisdictional limitations of this Court.

58.    On or about August 31, 2005, Nielsen intended to and did take certain of the aforementioned Confidential Information, without Plaintiff's knowledge, and converted it for his use and benefit, and for the use and benefit of Oakland Acura. Defendants and each of them have since derived great value from it.

59.    As a proximate result of Defendants and each of their conversion, Berkeley Honda has suffered damages that are the natural, reasonable and proximate result of the conversion, in an amount to be proven at trial, but within the jurisdictional limits of this Court. Defendants and each of them have also been unjustly enriched by the aforementioned conversion, in an amount to be proven at trial.

60.    Defendants and each of their conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit Defendants and each of them. Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

///
///
///

10420990.fif - 11/29/2005 4:00:57 PM

Exhibit A - 0011

## FIFTH CAUSE OF ACTION
### Trespass
### (Against all Defendants)

61.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 60 above.

62.     At all times mentioned herein, Berkeley Honda was, and still is, the owner of the Confidential Information, all of which are valuable to Berkeley Honda and necessary for its conduct of business.  The Confidential Information also has been and is extremely valuable to Defendants and each of them.  The Confidential Information's monetary value exceeds the jurisdictional limitations of this Court.

63.     On or about August 31, 2005, Nielsen intended to and did take certain of the aforementioned Confidential Information from Plaintiff's place of business, without Plaintiff's knowledge, and interfered with Plaintiff's possession and use of the Confidential Information, Defendants and each of them converted the Confidential Information for their use and benefit, and Defendants and each of them have since derived great value from the Confidential Information.

64.     As a proximate result of Defendants and each of their trespass, Berkeley Honda has suffered damages that are the natural, reasonable and proximate result of the trespass, including but not limited to the time and money expended in pursuit of and to recover the Confidential Information, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

65.     As a proximate result of Defendants and each of their trespass, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

## SIXTH CAUSE OF ACTION
### Accounting
### (Against all Defendants)

66.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 65 above.

67.     As alleged above, Defendants and each of them have wrongfully made use of Berkeley Honda's Confidential Information and other proprietary and trade secret information,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

12

Case No. C 05-02372

10420990.tif - 11/29/2005 4:00:57 PM

**Exhibit A - 0012**

1    and further and otherwise wrongfully have obtained income and profits which rightfully belong to

2    Berkeley Honda.

3        68.    Except through an accounting ordered by this Court, Berkeley Honda has no means

4    of obtaining an accounting of the income and profits which have been derived by Defendants and

5    each of them through their wrongful conduct, which are due and owing to Berkeley Honda.

6    Berkeley Honda has no adequate or speedy remedy at law with regard to the obtaining of such an

7    accounting.

8                        **SEVENTH CAUSE OF ACTION**
                              **Breach of Confidence**
9                          **(Against Defendant Nielsen)**

10       69.    Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1

11   through 68 above.

12       70.    While employed by Berkeley Honda, Defendant Nielsen, as service manager and

13   the information technology person, had access to Berkeley Honda's password-protected computer

14   system, which contained all of the Confidential Information discussed herein.  There was a mutual

15   understanding between Berkeley Honda and Nielsen, during his employment, that the Confidential

16   Information would be maintained in a confidential manner and that Nielsen was only provided

17   with the password and access to the Confidential Information so long as he was employed by

18   Berkeley Honda.

19       71.    By intentionally taking Berkeley Honda's Confidential Information upon his

20   resignation from Berkeley Honda, and thereafter disclosing that Confidential Information to his

21   new employer, Oakland Acura, Nielsen violated his duty of confidentiality to Berkeley Honda,

22   and to the harm of Berkeley Honda.

23       72.    As a proximate result of Nielsen's breach of confidence, Berkeley Honda has

24   suffered damages that are the natural, reasonable and proximate result of the breach, in an amount

25   to be proven at trial, but within the jurisdictional limits of this Court.  Defendants and each of

26   them have also been unjustly enriched by the aforementioned breach of confidence, in an amount

27   to be proven at trial.

28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

Exhibit A - 0013

73.     Nielsen's conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit himself.  Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

74.     As a proximate result of Nielsen's breach of confidence, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

**EIGHTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against all Defendants)**

75.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 74 above.

76.     While employed by Berkeley Honda, Defendant Nielsen had access to Berkeley Honda's Confidential Information.  There was a mutual understanding that while employed by Berkeley Honda, Nielsen would not misappropriate that Confidential Information.  Nielsen breached his obligation and stole Berkeley Honda's Confidential Information for his own use, and for the benefit of his employer, Oakland Acura.

77.     Berkeley Honda is informed and believes and thereon alleges that Defendants have derived financial benefits from Nielsen's, and subsequently, Oakland Acura's, wrongful acquisition of Berkeley Honda's Confidential Information.

78.     As a direct and proximate result of Defendant and each of their conduct as alleged herein, Defendants and each of them have been unjustly enriched by having taken advantage of and having benefited from their retention, knowledge and use of the Confidential Information. Berkeley Honda is therefore entitled to restitutionary damages as disgorgement of any profits received by Defendants as a result of the aforementioned conduct, which they hold in constructive trust for Berkeley Honda's benefit.  Berkeley Honda also is entitled to an order enjoining Defendants from using, disposing of, wasting or in any other respect dissipating any and all proceeds directly or indirectly traceable to their misconduct and which Defendants hold in constructive trust for Berkeley Honda's benefit.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0014

## NINTH CAUSE OF ACTION
### Injunction
### Civil Code § 3422 and Code of Civil Procedure § 526
### (Against all Defendants)

79. Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 78 above.

80. As a proximate result of the conduct of Defendants and each of them, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

81. Unless restrained, Defendants and each of them may: (a) continue to misappropriate Berkeley Honda's Confidential Information; (b) continue to utilize Berkeley Honda's phone number as their own thereby usurping business opportunities that rightfully belong to Berkeley Honda; (c) further solicit Berkeley Honda's customers; (d) continue to unjustly profit from Berkeley Honda's Confidential Information, which has been difficult, costly, and time-consuming to develop, compile and accumulate; and (e) potentially violate the privacy of Berkeley Honda's customers.

82. Injunctive relief is necessary to protect Plaintiff's Confidential Information and further prevent Defendants' continuing misappropriation, unfair business practices, conversion, and unjust enrichment.

## TENTH CAUSE OF ACTION
### Negligent Supervision
### (Against Defendant Oakland Acura and Defendant Proformance Associates, Inc.)

83. Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 82 above.

84. Plaintiff is informed and believes that Defendants Proformance Associates, Inc. and Walnut Creek Associates, Inc., dba Oakland Acura, are the employers and supervisors of Defendant James Nielsen.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.tif - 11/29/2005 4:00:57 PM    FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

**Exhibit A - 0015**

85.    At all times mentioned herein, each of the Defendants was the agent, servant, and employee of the other Defendants and was acting at all times within the scope of their agency and employment, and with the knowledge and consent of their employer.

86.    Upon information and belief, Jeanette Lettich is an agent of Defendant Proformance Associates, Inc.  On or about October 10, 2005, Proformance Associates, Inc., through its agent Jeanette Lettich, admitted that Defendants were in possession of Plaintiff's Confidential Information including but not limited to Plaintiff's trade secret customer list and promised to return the Confidential Information to Plaintiff.

87.    On or about October 10, 2005, Proformance Associates, Inc., through its agent Jeanette Lettich, admitted that Defendants sent out an unknown quantity of Solicitation Mailers to customers identified on Plaintiff's confidential customer lists, and promised to ascertain the number of Solicitation Mailers sent.

88.    Despite Defendant Proformance Associates, Inc.'s promises to return the full and complete Customer List and to identify the number of Solicitation Mailers sent to Plaintiff's customers, Defendant Proformance Associates failed to do so.

89.    Defendants and each of them, knew or should have known, that their employees utilized and converted Plaintiff's Confidential Information taken by Defendant Nielsen from Berkeley Honda for their own pecuniary benefit.

90.    Defendants and each of them failed to exercise reasonable care in the application process, selection hiring, supervision, conduct and review of those personnel employed and charged with the duties in those positions alleged in the paragraphs above.

91.    Plaintiff alleges that Defendants, and each of them, knew or in the exercise of reasonable diligence should have known that reasonable precautions should have been taken and reasonable investigation and inquires made of its employees so as to safeguard against Defendants' unlawful misappropriation of Plaintiff's Confidential Information.

92.    As set forth above, the negligence of all named Defendants and each of them in their negligent supervision of Defendant Nielsen has proximately caused Plaintiff Berkeley Honda and its customers to suffer past, present, and future damages.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.fif - 11/29/2005 4:00:57 PM

93.   As a further direct and proximate result of said negligence of Defendants, and each of them, Plaintiff will be required to and will employ legal counsel and other professionals, and incur expenses, to determine the extent of statutory violations, if any, and requirements to provide notice to customers for violations, if any, of financial privacy and fair credit and reporting requirements in the future.  The exact amount of said future expenses are presently unknown to Plaintiff and Plaintiff will ask leave to amend this pleading to set forth the exact amount thereof when the same is ascertained.

### PRAYER FOR RELIEF

WHEREFORE, Berkeley Honda prays for judgment against Nielsen, Oakland Acura and Proformance Associates, Inc. as follows:

1.   For compensatory damages in an amount to be determined at trial;

2.   For punitive damages in an amount to be determined at trial;

3.   For a constructive trust on all revenue, profits, gains, compensation or advantages resulting from the misconduct alleged herein;

4.   For an accounting of all profits Defendants have wrongfully obtained;

5.   For pre-judgment interest in an amount to be determined at trial;

6.   For an injunction enjoining Defendants in the following manner:

    (a)   Defendants and each of them must cease and desist all use of Berkeley Honda's Confidential Information;

    (b)   Defendants and each of them must return all of Berkeley Honda's Confidential Information to Berkeley Honda, including Berkeley Honda's telephone number;

    (c)   Defendants and each of them must purge all of Berkeley Honda's Confidential Information from their proprietary database or in their possession in every medium, including *inter alia* documentary (paper)

/ / /

/ / /

/ / /

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

Exhibit A - 0017

copies, audio equipment, hardware, software and electronic media, which must be independently verified to Berkeley Honda's satisfaction at Oakland Acura's expense;

    (d)   Defendants and each of them must not service any of Berkeley Honda's customers identified in the stolen Confidential Information;

    (e)   Defendants and each of them must not take any action inconsistent with or in derogation of Plaintiff's interests in the Confidential Information.

7.    For Berkeley Honda's costs incurred in this action, including any attorney fees to which Berkeley Honda may be entitled; and

8.    For such other and further relief, including *inter alia*, injunctive relief, as the Court deems just and proper.

DATED: November 29, 2005

    Respectfully submitted,

    SIDEMAN & BANCROFT LLP

    By: _____
        MELVIN D. HONOWITZ
    Attorneys for Plaintiff
    BERKELEY AUTO GROUP, LLC, dba BERKELEY HONDA

JMJ:sfr:BEAG.6951\187618_1.DOC

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10420990.tif - 11/29/2005 4:00:57 PM

Exhibit A - 0018

11/29/03  15:58 FAX  415 392 0827    SIDEMAN&BANCROFT                    ☒ 022/023



10420990.tif - 11/29/2005 4:00.57 PM

I'm now Service Manager at Oakland Acura

If you're looking for your old friend Jim Nielsen, formerly at Berkeley Honda, I've moved on to a new job joining my friend Phil Peterson's great team at **Oakland Acura**.

Acura, you say...don't panic! Our factory trained technicians service and repair Honda's too. This is a beautiful facility offering many amenities like, continental breakfast, free shuttles, Acura loaner vehicles, complimentary car wash vouchers, and Saturday service hours. We're not far away, at the corner of Harrison and 27th near Lake Merritt.

Stop buy or call me to say hello. I'd be delighted to hear from you even if it i 'jst to say hi, or ask for some car advi:

**Jim Nielsen**
510-812-7474



277 27th Street
Oakland, CA 94612
510-444-8383
service@oaklandacura.com
www.oaklandacura.com

Exhibit A - 0021

This document is a correct copy
of the original on file in this office.
ATTEST

MAR 17 2003

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF

By _____
Deputy Clerk

Exhibit A - 0022