# EXHIBIT D

FILED

2008 JAN 22 P 3: 50

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY_____, Deputy Clerk

1 | Michael W. Rupprecht, Esq. (62595)
Paul B. Justi, Esq. (124727)
2 | LAW OFFICES OF MICHAEL W. RUPPRECHT
18 Crow Canyon Court, Suite 160
3 | San Ramon, California 94583
Telephone: (925) 837-0867
4 | Facsimile: (925) 837-6104

5

6 | Attorneys for Plaintiff,
BERKELEY AUTO GROUP, LLC
7 | dba BERKELEY HONDA

8

9 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | IN AND FOR THE COUNTY OF CONTRA COSTA – UNLIMITED JURISDICTION

11

12 | BERKELEY AUTO GROUP, LLC, dba   )   No: C05-02372 (Consol. w/ C06-00740)
BERKELEY HONDA,   )
13 |   )    THIRD AMENDED
  )    COMPLAINT FOR:
14 |   Plaintiff,   )    (1)    MISAPPROPRIATION OF TRADE
  )    SECRETS;
15 | vs.   )    (2)    UNFAIR COMPETITION;
  )    (3)    INTENTIONAL INTERFERENCE
16 | JAMES NIELSEN, an individual;   )         WITH PROSPECTIVE ECONO-
WALNUT CREEK ASSOCIATES 5,   )         MIC ADVANTAGE;
17 | INC.; WALNUT CREEK ASSOCIATES 5, )
INC. dba OAKLAND ACURA;   )    (4)    CONVERSION;
18 | PHILLIP PETERSON; GORDON   )    (5)    TRESPASS;
19 | WALTON; and DOES 5-20, inclusive   )    (6)    ACCOUNTING;
  )    (7)    BREACH OF CONFIDENCE;
20 |   Defendants.   )    (8)    UNJUST ENRICHMENT;
  )    (9)    INJUNCTION;
21 | _____)    (10)  NELGIGENT SUPERVISION;
  )    (11)  VIOLATION OF PENAL CODE
22 | AND RELATED CROSS-ACTION   )         SEC. 496(c);
23 | _____)    (12)  VIOLATION OF PENAL CODE
        SEC. 502(e); and
24 |    (13)  CIVIL CONSPIRACY

25

26 |      Plaintiff BERKELEY AUTO GROUP, LLC, dba BERKELEY HONDA, alleges for its

27 | Third Amended Complaint as follows:

28

                                                       Exhibit D - 0001

1                                  Third Amended Complaint

**INTRODUCTION**

1.      This action for damages and injunctive relief against Defendants JAMES NIELSEN ("Nielsen"), WALNUT CREEK ASSOCIATES 5, INC., WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA ("Oakland Acura"), PHILLIP PETERSON and GORDON WALTON (collectively, "Defendants") arises out of defendant Nielsen's misappropriation of protected trade secrets belonging to Plaintiff BERKELEY AUTO GROUP, LLC, dba, BERKELEY HONDA ("Berkeley Honda").

2.      Berkeley Honda is a dealership and service station for Honda vehicles. Berkeley Honda's business depends upon its relationship with existing customers and its ability to provide its customers with consistent, reliable service.

3.      Defendant Nielsen was the service manager, staff coordinator, and person who handled the information technology for Berkeley Honda until he voluntarily terminated his employment on August 31, 2005. Nielsen promptly entered into a business relationship with Oakland Acura, a direct competitor of Berkeley Honda. Nielsen is currently the Service Manager at Oakland Acura.

4.      As service and technology manager for Berkeley Honda, Defendant Nielsen had access to Berkeley Honda's password-protected computer system, which maintained Berkeley Honda's trade secrets and confidential and proprietary information; namely, Berkeley Honda's customer list, consisting of tens of thousands of customers, and personal customer information, including financial information and service records.

5.      Berkeley Honda is informed and believes that sometime prior to August 31, 2005 and/or shortly after August 31, 2005, Nielsen stole Berkeley Honda's proprietary and confidential customer list and customer information.

6.      Berkeley Honda is informed and believes and thereon alleges that since the termination of his employment with Berkeley Honda, Nielsen used Berkeley Honda's proprietary and confidential customer list and customer information for his own economic advantage as well as that of Oakland Acura. In addition, Nielsen converted Berkeley Honda's telephone equipment

Exhibit D - 0002

Third Amended Complaint

10447176.tif - 1/22/2008 1:55.09 PM

and telephone number known to be a Berkeley Honda telephone number to the benefit of Defendant and each of them.

7. Berkeley Honda is informed and believes that Nielsen has solicited business from Berkeley Honda's past and existing customers (including using the U.S. Postal Service to mail a solicitation to customers from Berkeley Honda's customer list) while employed at Oakland Acura, and by so doing interfering, without privilege, in Berkeley Honda's contractual and business relationships. The solicitation also includes the purloined telephone number directing Berkeley Honda's service customers to Defendants.

8. Berkeley Honda is informed and believes that Defendants knew and had reason to know of Nielsen's possession and utilization of Berkeley Honda's Confidential Information, and that Defendants authorized and participated in the mailing of the solicitation to Berkeley Honda's customers.

9. Defendants and each of them has caused substantial damage to Berkeley Honda by their conduct, only some of which is compensable in monetary damages. Berkeley Honda is therefore entitled to injunctive relief against the continuation of such behavior, in addition to the payment of substantial damages by Defendants.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff Berkeley Honda is a California franchise. Berkeley Honda's corporate headquarters and principal place of business are located in Berkeley, Alameda County, California and Berkeley Honda services customers throughout both Alameda and Contra Costa counties.

11. Berkeley Honda is informed and believes and alleges thereon that Defendant Nielsen is a resident of Berkeley, Alameda County, California.

12. Berkeley Honda is informed and believes and alleges thereon that Defendant Oakland Acura is a California franchise owned by Defendant Walnut Creek Associates 5, Inc.,

Exhibit D - 0003

3

Third Amended Complaint

10447175.tif - 1/22/2008 1:55:09 PM

and that Defendants Phillip Peterson and Gordon Walton are managerial employees of Defendant Oakland Acura.

13.    Berkeley Honda is informed and believes and alleges thereon that Proformance Associates Inc. provides personnel management services for Oakland Acura. Berkeley Honda is further informed and believes that Oakland Acura is owned and controlled by David A. Robb, a resident of Lafayette, Contra Costa County, California.

14.    Berkeley Honda does not know the true names and capacities, whether individual, corporate, associate or otherwise, of DOES 5 through 20, and therefore sues those defendants by these fictitious names. On information and belief, Berkeley Honda alleges that each of the fictitiously named defendants is responsible in some manner for some or all of the acts alleged herein, and that Berkeley Honda's damages as herein alleged were proximately caused by such defendants. Berkeley Honda will amend this Third Amended Complaint to set forth the true names and capacities of the fictitiously named defendants once it has ascertained that information.

15.    Berkeley Honda is further informed and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, affiliates, joint venturers and/or partners of their co-defendants, and in acting as alleged herein, did so within the course and scope of their authority in each such capacity, and with the permission and consent of their co-defendants.

16.    Jurisdiction and venue are proper in this Court because the amount in controversy is within the jurisdictional limits of this Court and because this county is the residence of Oakland Acura's owner, David A. Robb.

## FACTUAL BACKGROUND

17.    All allegations based upon information and belief set forth herein are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Exhibit D - 0004

Third Amended Complaint

10447175.tif - 1/22/2008 1:55:09 PM

18.    Nielsen was hired by Berkeley Honda in the capacity of a service manager. In that capacity, Nielsen's duties included, but were not limited to: (a) customer relations; (b) administering the service department's operational procedures, programs, systems, and standards; (c) preparing monthly and annual departmental forecasts; (d) creating and evaluating labor times for customer pay and internal operations; (e) mediating internal conflicts and maintaining a relationship with the local union representatives; (f) quality control of repairs and documentation; (g) developing, calculating, inputting and reviewing a bonus program in the computer; (h) coordinating and completing monthly work-in-process; (i) managing information technology; and (j) reviewing repairs with customers.

19.    In order to fulfill his employment requirements, Nielsen was given permission to access Berkeley Honda's confidential information, proprietary assets, and trade secrets.

20.    Berkeley Honda's confidential information, proprietary assets and trade secrets (the "Confidential Information") include, but are not limited to, materials and/or information concerning or comprising the identities of past, present or potential clients, including compilations thereof; compilations of the identities of customers, including addresses, telephone numbers, social security numbers, billing information, vehicle identification numbers ("VINs") and other contact information; confidential customer financial data; special offers made to individual customers; the details of customer service history with Berkeley Honda; other confidential information concerning relationships with customers; and confidential internal and customer correspondence concerning the foregoing.

21.    The aforementioned Confidential Information is Berkeley Honda property, extremely valuable to Berkeley Honda and critical to its business operations. Such Confidential Information is confidential and unique, and has been difficult, costly, and time-consuming to develop, compile and accumulate.

22.    On or about May 31, 2005, The Berkeley Auto Group acquired Berkeley Honda. As part of the purchase, material consideration was paid for Berkeley Honda's customer list.

Exhibit D - 0005

5

Third Amended Complaint

Accordingly, Berkeley Honda's Confidential Information would be and is extremely valuable to Berkeley Honda's competitors.

23.    Under the former and current ownership, Berkeley Honda has implemented and enforced reasonable and appropriate methods to protect its Confidential Information. These methods have included (but are not limited to) passwords on the computer system which limit a user's ability to access confidential customer information. Only those with authorized access were informed of the passwords. Nielsen, while service manager and the information technology person for Berkeley Honda, was given the password and therefore was able to access Berkeley Honda's Confidential Information in the course of his professional duties.

24.    In August 2005, Nielsen advised Berkeley Honda that he intended on resigning in order to go work for Oakland Acura. On August 31, 2005, Nielsen resigned from Berkeley Honda.

25.    Berkeley Honda is informed and believes, and thereon alleges, that prior to and/or after his departure from Berkeley Honda, Nielsen stole valuable Berkeley Honda trade secrets, including, but not limited to, Berkeley Honda's customer list, which included customer contact information and customer account information, as well as other Confidential Information.

26.    Berkeley Honda is informed and believes, and thereon alleges, that since commencing work with Oakland Acura, Defendants and each of them wrongfully began using Berkeley Honda's Confidential Information which he stole from Berkeley Honda and wrongfully retained for his own benefit and the benefit of his new employer.

27.    Berkeley Honda is further informed and believes, and thereon alleges, that Nielsen thereafter contacted Berkeley Honda's customers, using Berkeley Honda's confidential customer list, and sought to solicit their business for Oakland Acura.

28.    On or about September 30, 2005, Berkeley Honda's General Manager, Steve Haworth, learned that Nielsen, from the offices of Oakland Acura, used the U.S. Postal Service to send a solicitation to thousands of Berkeley Honda's customers advertising James Nielsen as its new service manager and soliciting Honda customers to take their business to Oakland Acura.

Exhibit D - 0006

Third Amended Complaint

10447175.hf - 1/22/2008 1:55:09 PM

Attached hereto as **Exhibit A** is a true and correct copy of the solicitation mailed to Berkeley Honda's customers.

29.    The solicitation for Oakland Acura lists a cell phone number (510-812-7474) that has been used, was and is owned by, and is known as a telephone number for Berkeley Honda. Berkeley Honda is informed and believes, and thereon alleges, that Defendants and each of them use the Berkeley Honda telephone number to solicit Berkeley Honda customers away from Berkeley Honda and instead to Oakland Acura. Furthermore, Defendants and each of their deceptive use of Berkeley Honda's phone number (paid for by Berkeley Honda) as their own is intended to entice customers to call Oakland Acura on the telephone number under false pretenses.

30.    Berkeley Honda is further informed and believes, and thereon alleges, that Berkeley Honda's proprietary and confidential customer information was entered into Oakland Acura's internal computer system.

31.    Upon learning of the theft of Berkeley Honda's Confidential Information on October 6 or 7, 2005, Steve Haworth telephoned Jeanette Lettich, personnel manager for Oakland Acura (and who is employed by Proformance Associates Inc.), to inform her of Defendant Nielsen's suspected actions.

32.    On October 10, 2005, Ms. Lettich admitted to Steve Haworth that Oakland Acura was in possession of Berkeley Honda's Confidential Information which had been utilized by Defendants and each of them and that the solicitation was mailed by Oakland Acura to Berkeley Honda's customers.

33.    Berkeley Honda is informed and believes, and thereon alleges, that Nielsen's initial scheme to defraud Berkeley Honda involved the theft of the Confidential Information, and Defendants' subsequent scheme to defraud Berkeley Honda involved the dissemination and use of the Confidential Information to compete against Berkeley Honda. The Confidential Information has been used by Defendants and each of them to their economic benefit.

34.    Berkeley Honda is informed and believes, and thereon alleges, that as a direct and proximate result of, and but for, Defendants and each of their misconduct, including their improper removal, retention and use of Berkeley Honda Confidential Information, Berkeley Honda has suffered damage to its business relationships with customers and others, based on Defendants and each of their conversion of Plaintiff's proprietary information.

35.    Berkeley Honda is informed and believes, and thereon alleges, that Defendants and each of them will continue to retain, convert and misappropriate Berkeley Honda's Confidential Information for their own benefit unless prevented from doing so by Order of this Court.

36.    To date, Berkeley Honda's Confidential Information has not been returned to Berkeley Honda, despite Berkeley Honda's request for its return.

### FIRST CAUSE OF ACTION
#### Misappropriation of Trade Secrets
#### (Against All Defendants)

37.    Berkeley Honda realleges and incorporates by reference paragraphs 1 through 36 above.

38.    In the course of its business operations, Berkeley Honda has developed and acquired information which derives independent economic value from not being generally known to the public or others who could obtain economic benefit from its disclosure or use. This information includes (but is not limited to) the names of Berkeley Honda's past, current and potential clients and business contacts (the Confidential Information described herein).

39.    Berkeley Honda has made reasonable efforts to maintain the secrecy of this Confidential Information, including through confidential passwords on Berkeley Honda's computer system, which contains the Confidential Information. Berkeley Honda has safeguarded the Confidential Information within Berkeley Honda and has further guarded the information from disclosure in public documents and in materials circulated outside of Berkeley Honda.

Exhibit D - 0008

8

Third Amended Complaint

40.    Berkeley Honda is informed and believes and on that basis alleges that, by the acts alleged above, Defendants and each of them have engaged in the unauthorized use of Berkeley Honda's trade secrets, which Defendants and each of them (a) had acquired by improper means and/or (b) at the time of use, knew or had reason to know it had been acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. Accordingly, both Defendants and each of them are liable for the misappropriation of Berkeley Honda's trade secrets, pursuant to California Civil Code section 3426.1 and/or the common and/or other law.

41.    Berkeley Honda is informed and believes and on that basis alleges that, as a proximate result of Defendants and each of their actions, Berkeley Honda has been damaged, and Defendants and each of them have been unjustly enriched, in an amount which will be proved at trial, and Berkeley Honda is entitled to recover its damages and to obtain preliminary and permanent injunctive relief pursuant to California Civil Code sections 3426.2 and 3426.3.

42.    Berkeley Honda is informed and believes and on that basis alleges that, because Defendants and each of their misappropriation has been willful and malicious, Berkeley Honda further is entitled to recover exemplary damages in an amount no less than double the damages done to it, pursuant to California Civil Code section 3426.3 and other applicable law, in order to punish Defendants for their wrongful behavior and to deter others from engaging in similar misconduct.

43.    Berkeley Honda is informed and believes and on that basis alleges that if neither damages nor unjust enrichment caused by Defendants' misappropriation are provable, Berkeley Honda is entitled to payment of a reasonable royalty from Defendants.

44.    Additionally, Berkeley Honda is informed and believes and on that basis alleges that because Defendants and each of their misappropriation has been willful and malicious, Berkeley Honda further is entitled to recover its attorney fees in this matter, pursuant to California Civil Code section 3426.4 and other applicable law.

//

//

Exhibit D - 0009

9

## SECOND CAUSE OF ACTION
### Unfair Competition
(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
(Against all Defendants)

45.    Berkeley Honda realleges and incorporates by reference paragraphs 1 through 39 above.

46.    Prior to Nielsen's theft and inappropriate use of the Confidential Information, as alleged herein, plaintiff's predecessor in interest, Blackhawk Auto Group, LLC, and Fidelity Motors, Inc. and its principal, James E. Doten ("Fidelity"), defendants in the matter of *Berkeley Auto Group, LLC v. Fidelity Motors, Inc., et al.*, Contra Costa County Superior Court case number C06-00740, consolidated for all purposes with the instant action, entered into a written agreement whereby plaintiff agreed to, and ultimately did, purchase the Berkeley Honda dealership, including the Confidential Information, from Fidelity. Subsequent to entering into the purchase agreement, and prior to close of escrow for the sale transaction relating to the Berkeley Honda dealership, Fidelity failed to take efforts that were reasonable under the circumstances to maintain the secrecy of the Confidential Information and to protect the Confidential Information from theft, other misuse, or misappropriation, which failure directly resulted in the actions of Defendants with respect to the Confidential Information as described herein.

47.    The conduct described herein including but not limited to misappropriation and use of Berkeley Honda's Confidential Information and use Berkeley Honda's known telephone number constitutes unlawful business practices and unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* Said conduct is continuing and ongoing.

48.    As a direct and proximate result of Defendants and each of their unlawful business practices, and Fidelity's failure to take reasonable measures to protect the secrecy of the Confidential Information, Berkeley Honda has suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants and all persons acting in concert with them, are enjoined from engaging in any further unlawful business practices.

Exhibit D - 0010

Third Amended Complaint

10447176.tif - 1/22/2008 1:55:09 PM

49.     As a direct and proximate result of Defendants' conduct as alleged herein, Defendants and each of them have been unjustly enriched by having taken advantage of and having benefited from Nielsen's retention, knowledge and use of the Confidential Information. Berkeley Honda is therefore entitled to restitutionary damages as disgorgement of any profits received by Defendants as a result of the aforementioned conduct, which they hold in constructive trust for Berkeley Honda's benefit.  Berkeley Honda also is entitled to an order enjoining Defendants and each of them from using, disposing of, wasting or in any other respect dissipating any and all proceeds directly or indirectly traceable to their misconduct and which Defendants hold in constructive trust for Berkeley Honda's benefit.

### THIRD CAUSE OF ACTION
#### Intentional Interference With
#### Prospective Economic Advantage
#### (Against all Defendants)

50.     Berkeley Honda realleges and incorporates by reference paragraphs 1 through 39, and paragraphs 46 through 49, above.

51.     Berkeley Honda has long-standing and profitable business relationships with customers whom Defendants and each of them have recruited for their own economic advantage. Because of the nature of these relationships, Berkeley Honda has had a reasonable expectation that these relationships would continue to exist, with immediate and on-going benefit to Berkeley Honda, including the likelihood that past relationships would result in repeat business from existing customers and referrals for new customers for Berkeley Honda's services.

52.     Defendants and each of them have knowledge of and intentionally and wrongfully interfered with and have disrupted the relationships described herein, and Berkeley Honda's consequent reasonable expectations of immediate and continuing economic benefits, by engaging in the conduct alleged herein, including, but not limited to the following: misappropriating, disclosing, and using Berkeley Honda's Confidential Information.

53.     Defendants and each of their conduct was unprivileged.

Exhibit D - 0011

11

Third Amended Complaint

10447175.tif - 1/22/2008 1:55:09 PM

54.     As a direct and proximate result of Defendants' acts, Berkeley Honda has sustained damages in an amount to be proven at trial.

55.     As a direct and proximate result of Defendants' conduct alleged herein, Berkeley Honda has suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and all persons acting in concert with them, are enjoined from engaging in further similar misconduct.

56.     Defendants and each of their conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit themselves. Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

### FOURTH CAUSE OF ACTION
#### Conversion
#### (Against All Defendants)

57.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 56, but excluding paragraph 46, above.

58.     At all times mentioned herein, Berkeley Honda was, and still is, the owner of the Confidential Information, all of which are valuable to Berkeley Honda and necessary for its conduct of business.  The Confidential Information also has been and is extremely valuable to Defendants and each of them.  The Confidential Information's monetary value exceeds the jurisdictional limitations of this Court.

59.     On or about August 31, 2005, Nielsen intended to and did take certain of the aforementioned Confidential Information, without Plaintiff's knowledge, and converted it for his use and benefit, and for the use and benefit of Defendants and each of them, who have since derived great value from it.

60.     As a proximate result of Defendants and each of their conversion, Berkeley Honda has suffered damages that are the natural, reasonable and proximate result of the conversion, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

Defendants and each of them have also been unjustly enriched by the aforementioned conversion, in an amount to be proven at trial.

61.　　Defendants and each of their conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit Defendants and each of them. Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

### FIFTH CAUSE OF ACTION
#### Trespass
#### (Against all Defendants)

62.　　Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 39, and paragraphs 46 through 56, above.

63.　　At all times mentioned herein, Berkeley Honda was, and still is, the owner of the Confidential Information, all of which are valuable to Berkeley Honda and necessary for its conduct of business. The Confidential Information also has been and is extremely valuable to Defendants and each of them. The Confidential Information's monetary value exceeds the jurisdictional limitations of this Court.

64.　　On or about August 31, 2005, Nielsen intended to and did take certain of the aforementioned Confidential Information from Plaintiff's place of business, without Plaintiff's knowledge, and interfered with Plaintiff's possession and use of the Confidential Information, Defendants and each of them converted the Confidential Information for their use and benefit, and Defendants and each of them have since derived great value from the Confidential Information.

65.　　As a proximate result of Defendants and each of their trespass, Berkeley Honda has suffered damages that are the natural, reasonable and proximate result of the trespass, including but not limited to the time and money expended in pursuit of and to recover the Confidential Information, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

Exhibit D - 0013

Third Amended Complaint

10447176.tif - 1/22/2008 1.55.09 PM

66.     As a proximate result of Defendants and each of their trespass, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

### SIXTH CAUSE OF ACTION
#### Accounting
#### (Against all Defendants)

67.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 66, but excluding paragraph 46, above.

68.     As alleged above, Defendants and each of them have wrongfully made use of Berkeley Honda's Confidential Information and other proprietary and trade secret information, and further and otherwise wrongfully have obtained income and profits which rightfully belong to Berkeley Honda.

69.     Except through an accounting ordered by this Court, Berkeley Honda has no means of obtaining an accounting of the income and profits which have been derived by Defendants and each of them through their wrongful conduct, which are due and owing to Berkeley Honda, and Berkeley Honda has no adequate or speedy remedy at law with regard to the obtaining of such an accounting.

### SEVENTH CAUSE OF ACTION
#### Breach of Confidence
#### (Against Defendant Nielsen)

70.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 69, but excluding paragraph 46, above.

71.     While employed by Berkeley Honda, Defendant Nielsen, as service manager and the information technology person, had access to Berkeley Honda's password-protected computer system, which contained all of the Confidential Information discussed herein. There

Exhibit D - 0014

14

Third Amended Complaint

was a mutual understanding between Berkeley Honda and Nielsen, during his employment, that the Confidential Information would be maintained in a confidential manner and that Nielsen was only provided with the password and access to the Confidential Information so long as he was employed by Berkeley Honda.

72.     By intentionally taking Berkeley Honda's Confidential Information upon his resignation from Berkeley Honda, and thereafter disclosing that Confidential Information to his new employer, Oakland Acura, Nielsen violated his duty of confidentiality to Berkeley Honda, and to the harm of Berkeley Honda.

73.     As a proximate result of Nielsen's breach of confidence, Berkeley Honda has suffered damages that are the natural, reasonable and proximate result of the breach, in an amount to be proven at trial, but within the jurisdictional limits of this Court. Defendants and each of them have also been unjustly enriched by the aforementioned breach of confidence, in an amount to be proven at trial.

74.     Nielsen's conduct was willful and undertaken with malice, fraud, oppression and an intent to injure Berkeley Honda and unlawfully benefit himself. Berkeley Honda is therefore entitled to punitive damages in a sum according to proof.

75.     As a proximate result of Nielsen's breach of confidence, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

### EIGHTH CAUSE OF ACTION
#### Unjust Enrichment
#### (Against all Defendants)

76.     Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 39, paragraphs 46 through 56, and paragraphs 63 through 66, above.

Exhibit D - 0015

15

10447175.txt - 1/22/2008 1 55.00 PM

77.    While employed by Berkeley Honda, Defendant Nielsen had access to Berkeley Honda's Confidential Information. There was a mutual understanding that while employed by Berkeley Honda, Nielsen would not misappropriate that Confidential Information. Nielsen breached his obligation and stole Berkeley Honda's Confidential Information for his own use, and for the benefit of Defendants herein.

78.    Berkeley Honda is informed and believes and thereon alleges that Defendants have derived financial benefits from Nielsen's and, subsequently, all Defendants' wrongful acquisition of Berkeley Honda's Confidential Information.

79.    As a direct and proximate result of Defendant and each of their conduct as alleged herein, Defendants and each of them have been unjustly enriched by having taken advantage of and having benefited from their retention, knowledge and use of the Confidential Information. Berkeley Honda is therefore entitled to restitutionary damages as disgorgement of any profits received by Defendants as a result of the aforementioned conduct, which they hold in constructive trust for Berkeley Honda's benefit. Berkeley Honda also is entitled to an order enjoining Defendants from using, disposing of, wasting or in any other respect dissipating any and all proceeds directly or indirectly traceable to their misconduct and which Defendants hold in constructive trust for Berkeley Honda's benefit.

### NINTH CAUSE OF ACTION
#### Injunction
#### Civil Code § 3422 and Code of Civil Procedure § 526
#### (Against all Defendants)

80.    Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 79, excluding paragraph 46, above.

81.    As a proximate result of the conduct of Defendants and each of them, Berkeley Honda has suffered irreparable harm as a result of such acts, and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants, and their

Exhibit D - 0016

Third Amended Complaint

10447176.tif - 1/22/2008 1:55:00 PM

officers, agents and employees and all persons acting in concert with them, are enjoined from engaging in any further such acts.

82.    Unless restrained, Defendants and each of them may: (a) continue to misappropriate Berkeley Honda's Confidential Information; (b) continue to utilize Berkeley Honda's phone number as their own thereby usurping business opportunities that rightfully belong to Berkeley Honda; (c) further solicit Berkeley Honda's customers; (d) continue to unjustly profit from Berkeley Honda's Confidential Information, which has been difficult, costly, and time-consuming to develop, compile and accumulate; and (e) potentially violate the privacy of Berkeley Honda's customers.

83.    Injunctive relief is necessary to protect Plaintiff's Confidential Information and further prevent Defendants' continuing misappropriation, unfair business practices, conversion, and unjust enrichment.

## TENTH CAUSE OF ACTION
### Negligent Supervision
### (Against Defendant Oakland Acura)

84.    Plaintiff Berkeley Honda realleges and incorporates by reference paragraphs 1 through 39, paragraphs 46 through 56, paragraphs 63 through 66, and paragraphs 77 through 79, above.

85.    Plaintiff is informed and believes that Defendant Walnut Creek Associates 5, Inc., dba Oakland Acura, is the employer/supervisor of Defendant James Nielsen, and that said Defendant retained and employed Proformance Associates, Inc. as its agent and representative with respect to said Defendant's supervision of its employee, Defendant Nielsen.

86.    At all times mentioned herein, each of the Defendants was the agent, servant, and employee of the other Defendants and was acting at all times within the scope of their agency and employment, and with the knowledge and consent of their employer.

87.    Upon information and belief, Jeanette Lettich is an employee of Proformance Associates, Inc. On or about October 10, 2005, Proformance Associates, Inc., through its agent

Jeanette Lettich, admitted that Defendants were in possession of Plaintiff's Confidential Information including but not limited to Plaintiff's trade secret customer list and promised to return the Confidential Information to Plaintiff.

88.    On or about October 10, 2005, Proformance Associates, Inc., through its agent Jeanette Lettich, admitted that Defendants sent out an unknown quantity of Solicitation Mailers to customers identified on Plaintiff's confidential customer lists, and promised to ascertain the number of Solicitation Mailers sent.

89.    Despite Proformance Associates, Inc.'s promises to return the full and complete Customer List and to identify the number of Solicitation Mailers sent to Plaintiff's customers, Proformance Associates failed to do so.

90.    Defendants and each of them, knew or should have known, that their employees utilized and converted Plaintiff's Confidential Information taken by Defendant Nielsen from Berkeley Honda for their own pecuniary benefit.

91.    Defendants and each of them failed to exercise reasonable care in the application process, selection hiring, supervision, conduct and review of those personnel employed and charged with the duties in those positions alleged in the paragraphs above.

92.    Plaintiff alleges that Defendants, and each of them, knew or in the exercise of reasonable diligence should have known that reasonable precautions should have been taken and reasonable investigation and inquires made of its employees so as to safeguard against Defendants' unlawful misappropriation of Plaintiff's Confidential Information.

93.    As set forth above, the negligence of all named Defendants and each of them in their negligent supervision of Defendant Nielsen has proximately caused Plaintiff Berkeley Honda and its customers to suffer past, present, and future damages.

94.    As a further direct and proximate result of said negligence of Defendants, and each of them, Plaintiff will be required to and will employ legal counsel and other professionals, and incur expenses, to determine the extent of statutory violations, if any, and requirements to provide notice to customers for violations, if any, of financial privacy and fair credit and

Exhibit D - 0018

18

reporting requirements in the future. The exact amount of said future expenses are presently unknown to Plaintiff and Plaintiff will ask leave to amend this pleading to set forth the exact amount thereof when the same is ascertained.

## ELEVENTH CAUSE OF ACTION
### Violation of California Penal Code Sec. 496(a)
**(Against Defendants Walnut Creek Associates 5, Inc., Walnut Creek Associates 5, Inc. dba Oakland Acura, Gordon Walton and Phillip Peterson)**

95.     Plaintiff Berkeley Honda realleges and reincorporates by reference paragraphs 1 through 94, but excluding paragraph 46, above.

96.     Plaintiff is informed and believes, and based thereon alleges, that Defendants Walnut Creek Associates 5, Inc., Walnut Creek Associates 5, Inc. dba Oakland Acura, Gordon Walton and Phillip Peterson knew that Defendant Nielsen had stolen and purloined the Confidential Information as alleged herein when said Defendants, and each of them, received such Confidential Information from Defendant Nielsen.

97.     Notwithstanding their knowledge that Defendant Nielsen had stolen and purloined the Confidential Information as described herein, said Defendants Walnut Creek Associates 5, Inc., Walnut Creek Associates 5, Inc. dba Oakland Acura, Gordon Walton and Phillip Peterson accepted said Confidential Information from Defendant Nielsen, and made advantageous use thereof, as also described herein, all in violation of California Penal Code sec. 496(a).

98.     As a direct and proximate result of said Defendants' knowing acceptance from Defendant Nielsen and use of the Confidential Information, Plaintiff has been damaged and injured in an amount to be determined at the trial of this matter.

99.     Pursuant to the provisions of California Penal Code sec. 496(c), Plaintiff is entitled to receive three (3) times the amount of its actual damages as alleged above, together with costs of suit and reasonable attorney fees.

//

Exhibit D - 0019

Third Amended Complaint

10447176.txt - 1/22/2008 1:55:09 PM

**TWELFTH CAUSE OF ACTION**
Violation of Penal Code Sec. 502(e)
(Against Defendant Nielsen)

100.    Plaintiff Berkeley Honda realleges and reincorporates by reference paragraphs 1 through 99, but excluding paragraph 46, above.

101.    Plaintiff Berkeley Honda is informed and believes, and thereon alleges, that Defendant Nielsen knowingly accessed Plaintiff's computer systems, networks and databases, and without permission used same to obtain the Confidential Information, to wrongfully obtain and control Plaintiff's property and data, all in willful violation of California Penal Code sec. 502(c)(1).

102.    Plaintiff Berkeley Honda is informed and believes, and thereon alleges, that Defendant Nielsen knowingly accessed and without permission stole, copied and made use of the Confidential Information from said Plaintiff's computer systems, networks and databases, in willful violation of California Penal Code sec. 502(c)(2).

103.    Plaintiff Berkeley Honda is informed and believes, and thereon alleges, that Defendant Nielsen knowingly and without permission accessed Plaintiff's computers, computer systems and computer materials, all in willful violation of California Penal Code sec. 502(c)(7).

104.    As a direct and proximate result of Defendant Nielsen's conduct as alleged above, Plaintiff Berkeley Honda has been damaged in a sum to be determined at the trial of this matter.

105.    In doing the things as set forth above, and in willfully violating California Penal Code sec. 502(c), Defendant Nielsen was and is guilty of oppression, fraud and malice toward Plaintiff as defined in California Civil Code sec. 3294(c), and the court should award Plaintiff punitive and exemplary damages against Defendant Nielsen as a means to punish him, and to deter said conduct in the future, pursuant to California Penal Code sec. 502(e)(4).

//

Exhibit D - 0020

20

Third Amended Complaint

### THIRTEENTH CAUSE OF ACTION
#### Civil Conspiracy
#### (Against All Defendants)

106.    Plaintiff Berkeley Honda realleges and reincorporates by reference paragraphs 1 through 39, paragraphs 46 through 56, paragraphs 63 through 66, paragraphs 77 through 79, and paragraphs 85 through 94, above.

107.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Nielsen, while still employed by Plaintiff Berkeley Honda, and the other Defendants named herein, knowingly and willfully entered into an agreement and conspiracy to obtain unlawfully and covert to Defendants' beneficial use, and to Plaintiff's damage, the Confidential Information belonging to Plaintiff Berkeley Honda.

108.    Plaintiff is informed and believes, and based thereon alleges, that pursuant to the agreement and conspiracy alleged in paragraph 107 above, Defendant Nielsen acted to, and did, purloin and steal, with the advanced knowledge and ratification of the other Defendants named herein, the Confidential Information from Plaintiff, without Plaintiff's knowledge, permission or consent, and Defendant Nielsen thereafter furnished the Confidential Information to the remaining Defendants in furtherance of said agreement and conspiracy.

109.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them named herein, utilized the Confidential Information after receipt thereof for Defendants' benefit, and to Plaintiff's detriment and damage, all in an amount to be determined at the trial of this matter.

110.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Nielsen benefited from the actions Defendants, and each of them, undertook pursuant to the agreement and conspiracy alleged herein by becoming beneficially employed by Defendant Walnut Creek Associates 5, Inc. dba Oakland Acura, upon terms and conditions beneficially and

**Exhibit D - 0021**

Third Amended Complaint

10447175.txt - 1/22/2008 1:55:09 PM

advantageous to Defendant Nielsen, as well as receiving benefits associated with said Defendants' use of Plaintiff's Confidential Information.

111.    As a direct and proximate result of the agreement and conspiracy among and between Defendants as described above, Plaintiff Berkeley Honda has been damaged and harmed in an amount to be determined at the trial of this matter.

112.    In doing the things described as herein alleged, Defendants, and each of them, acted maliciously and with the intent to oppress and defraud Plaintiff Berkeley Honda, and were guilty of oppression, fraud and malice to Plaintiff as defined in Civil Code sec. 3294, and the court should therefore award it exemplary and punitive damages against Defendants, and each of them, as a means to punish them and to deter such conduct in the future.

113.    Plaintiff is informed and believes, and based thereon alleges, that with respect to the matters alleged herein, officers, directors and/or managing agents of Defendants Walnut Creek Associates 5, Inc. and Walnut Creek Associates 5, Inc. dba Oakland Acura, authorized and/or ratified the wrongful conduct of the employees of said corporate Defendants, and Plaintiff therefore requests that it be awarded punitive and exemplary damages against said Defendants, and each of them, as authorized by Civil Code sec. 3294.

## PRAYER FOR RELIEF

WHEREFORE, Berkeley Honda prays for judgment against Defendants as follows:

1.    For compensatory damages in an amount to be determined at trial, and that pursuant to the Eleventh Cause of Action, said damages be trebled;

2.    For punitive damages in an amount to be determined at trial;

3.    For a constructive trust on all revenue, profits, gains, compensation or advantages resulting from the misconduct alleged herein;

4.    For an accounting of all profits Defendants have wrongfully obtained;

5.    For pre-judgment interest in an amount to be determined at trial;

6.    For an injunction enjoining Defendants in the following manner:

Exhibit D - 0022

22

(a)    Defendants and each of them must cease and desist all use of Berkeley Honda's Confidential Information;

(b)    Defendants and each of them must return all of Berkeley Honda's Confidential Information to Berkeley Honda, including Berkeley Honda's telephone number;

(c)    Defendants and each of them must purge all of Berkeley Honda's Confidential Information from their proprietary database or in their possession in every medium, including *inter alia* documentary (paper) copies, audio equipment, hardware, software and electronic media, which must be independently verified to Berkeley Honda's satisfaction at Oakland Acura's expense;

(d)    Defendants and each of them must not service any of Berkeley Honda's customers identified in the stolen Confidential Information;

(e)    Defendants and each of them must not take any action inconsistent with or in derogation of Plaintiff's interests in the Confidential Information.

7.    For Berkeley Honda's costs incurred in this action, including any attorney fees to which Berkeley Honda may be entitled; and

8.    For such other and further relief, including *inter alia*, injunctive relief, as the Court deems just and proper.

Dated: January 22, 2008

LAW OFFICES OF MICHAEL W. RUPPRECHT

By_____
Michael W. Rupprecht
Attorneys for Plaintiff

[Beinke-chase\third amended complaint]

**Exhibit D - 0023**

23

Third Amended Complaint

10447175.tif - 1/22/2008 1:55:09 PM

# EXHIBIT A

Exhibit D - 0024

10447175.tif - 1/22/2008 1:55:09 PM



Exhibit D - 0025

I'm now Service Manager at Oakland Acura



**277 27th Street**
**Oakland, CA 94612**
**510-444-8383**
**service@oaklandacura.com**
**www.oaklandacura.com**

If you're looking for your old friend Jim Nielsen, formerly at Berkeley Honda, I've moved on to a new job joining my friend Phil Peterson's great team at Oakland Acura.

Acura you say...don't panic! Our factory trained technicians service and repair Honda's too. This is a beautiful facility offering many amenities like, continental breakfast, free shuttles, Acura loaner vehicles, complimentary car wash vouchers, and Saturday service hours. We're not far away, at the corner of Harrison and 27th near Lake Merritt.

Stop buy or call me to say hello. I'd be delighted to hear from you even if it i "jrst to say hi, or ask for some car adv;.

Jim Nielsen
510-812-7474



Exhibit D - 0026

10447175.tif – 1/22/2008 1:56:09 PM

1

2

## PROOF OF SERVICE BY MAIL

3

        I am a citizen of the United States, and am over the age of 18 years, and not a

4

party to the within action; my business address is 18 Crow Canyon Court, Suite 160, San

5

Ramon, California, 94583.  On January 22, 2008, I served the THIRD AMENDED

6

COMPLAINT on all parties to said action by placing a true copy thereof in a sealed envelope

7

with postage thereon fully prepaid, in the United States mail at San Ramon, California,

8

addressed as follows:

9

Denis S. Kenny, Esq.

10

Gabriel S. Levine, Esq.
Scherer, Smith & Kenny, LLP

11

140 Geary Street, 7th Floor
San Francisco, California 94108

12

13

Gregory C. Simonian, Esq.
N. William Metke, Esq.

14

Clapp, Moroney, Bellagamba & Vucinich
1111 Bayhill Drive, Suite 300

15

San Bruno, California 94066

16

David H.S. Commins, Esq.

17

Allison C. Templeton, Esq.
Kenneth C. Webster, Esq.

18

Commins & Webster, PC
400 Montgomery Street, Suite 200

19

San Francisco, California 94104

20

Sandy Kaplan, Esq.

21

Mark Meredith, Esq.
Gordon & Rees

22

275 Battery Street, Suite 2000
San Francisco, California  94111

23

24

        I declare under penalty of perjury that the foregoing is true and correct.

25

Executed on January 22, 2008, at San Ramon, California.

26

27

28

By _Patricia Carr-Lamboy_

                Patricia Carr-Lamboy

Exhibit D - 0027

**Exhibit D - 0028**

This document is a correct copy
of the original on file in this office.
ATTEST

MAR 1 7 2003

