MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
email: MHStern@duanemorris.com
email: WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual<br><br>Defendants. | Case No.: C-07-2858 SC<br><br>DECLARATION OF MAX H. STERN IN SUPPORT OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: April 25, 208<br>Time: 8:30 a.m.<br>Dept.: Courtroom 1, 17th Floor<br><br>Judge: The Honorable Samuel Conti |

I, Max H. Stern, declare:

     1.    I am a member of the State Bar of California, and am a member of the law firm of Duane Morris LLP, counsel for Universal Underwriters Insurance Company ("Universal") in this matter. I make this declaration of my own knowledge, and if called as a witness in these proceedings, I could and would testify competently to its contents.

///
///

2. On June 1, 2007, on behalf of Universal Underwriters Insurance Company, I caused to be filed the Complaint in this Action.

3. Attached hereto as Exhibit A is a true and correct copy of the First Amended Complaint filed in this Action, without exhibits. The Complaint may be found on the Court's ECF system, docket entry number 4 and the exhibits to the Complaint may be found on Court's ECF system, docket entry number 5.

4. Attached hereto as Exhibit B is a true and correct copy of my letter dated June 22, 2007 to Kenneth C. Webster, Esq. agreeing to advance independent counsel expenses consistent with California Civil Code section 2860, subject to a reservation of the right to seek a determination of whether independent counsel was owed and the right to seek reimbursement.

5. Attached hereto as Exhibit C is a true and correct copy of pages 210 and 924 from *Merriam-Webster's Collegiate Dictionary*, 11th Ed., 2004, that contains the definitions of "chattel" and "personal property," respectively.

6. Attached hereto as Exhibit D is a true and correct copy of page 1311 from *The American Heritage Dictionary of the English Language*, 4th Ed. 2000, that contains the definition of "personal property."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of March 2008 at San Francisco, California.

_____
Max H. Stern

DM1\1196320

# EXHIBIT A

MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
email: MHStern@duanemorris.com
email: WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba WALNUT CREEK HONDA, a California corporation, PHILLIP PETERSON, an individual, and GORDON WALTON, an individual<br><br>Defendants. | Case No.: C 07 2858 JL<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT<br><br>Complaint Filed: June 1, 2007<br>Courtroom: F, 15th Floor<br>Judge: Magistrate Judge James Larson |

Plaintiff alleges:

### NATURE OF ACTION

1.  This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, to determine the rights and duties, if any, of Plaintiff Universal Underwriters and for restitution/reimbursement, as set forth more fully below. Universal Underwriters is not contesting its duty to defend and indemnity obligation with respect to the allegation of conversion of actual personal property, but not intellectual property, as pled in the Fourth Cause of Action in the *Berkeley*

1  *Honda* action; however, Universal Underwriters contends no other allegations of any cause of action
2  in the *Berkeley Honda* action fall within the scope of coverage provided by the policies issued by
3  Universal Underwriters to trigger a defense or indemnity obligation. Consequently, Universal
4  Underwriters is entitled to be reimbursed by the Defendants, and each of them, for defense costs and
5  fees advanced with respect to the *Berkeley Honda* action that are attributable to uncovered claims.

## JURISDICTION AND VENUE

7  2.  Plaintiff, Universal Underwriters Insurance Company ("Universal Underwriters"), is
8  and at all times mentioned herein was, a corporation incorporated under the laws of the State of
9  Kansas with its principal place of business located in Overland, Kansas.

10  3.  Universal Underwriters is informed and believes that Defendant Walnut Creek
11  Associates 5, Inc. dba Oakland Acura ("Oakland Acura") is a corporation organized under the laws
12  of the State of California and is licensed to do and does business in California.

13  4.  Universal Underwriters is informed and believes that Defendant Proformance
14  Associates, Inc. ("Proformance Associates") is a corporation organized under the laws of the State of
15  California and is licensed to do and does business in California.

16  5.  Universal Underwriters is informed and believes that Defendant James Nielsen is an
17  individual who is a citizen of the State of California.

18  6.  Universal Underwriters is informed and believes that Defendants Walnut Creek
19  Associates 2, Inc. and Walnut Creek Associates 2, Inc. dba Walnut Creek Honda (collectively
20  "Walnut Creek Honda") is a corporation organized under the laws of the State of California and is
21  licensed to do and does business in California.

22  7.  Universal Underwriters is informed and believes that Defendant Phillip Peterson is an
23  individual who is a citizen of the State of California.

24  8.  Universal Underwriters is informed and believes that Defendant Gordon Walton is an
25  individual who is a citizen of the State of California.

26  9.  Defendants Oakland Acura, Proformance Associates and James Nielsen, for
27  convenience only, shall be referred to as the Oakland Acura Defendants, and Walnut Creek Honda,
28  Phillip Peterson and Gordon Walton, for convenience only, shall be referred to as the Walnut Creek

1 | Honda Defendants.

2 | 10.   The Defendants are not a citizen of the same state as Plaintiff and the matter in controversy against each Defendant exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

11.   This Court is a proper venue for this action under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this dispute occurred in this judicial district.

## GENERAL ALLEGATIONS

12.   Universal Underwriters issued Policy No. 261712 to Oakland Acura, which was in effect from October 1, 2004 to October 1, 2005 ("Policy No. 261712"). A true and correct copy of Policy No. 261712 is attached hereto as Exhibit "A", and it is incorporated herein as though it was set forth in full herein.

13.   Universal Underwriters issued a separate Policy No. 261712 to Oakland Acura and Proformance Associates, which was in effect from October 1, 2005 to October 1, 2006 (for convenience referred to as "Policy No. 261712A"). A true and correct copy of Policy No. 261712A is attached hereto as Exhibit "B", and it is incorporated herein as though it was set forth in full herein.

14.   Universal Underwriters issued Policy No. 261711 to Walnut Creek Honda, which was in effect from October 1, 2004 to October 1, 2005 ("Policy No. 261711"). A true and correct copy of Policy No. 261711 it is attached hereto as Exhibit "C", and it is incorporated herein as though it was set forth in full herein.

15.   Universal Underwriters issued Policy No. 261711A to Walnut Creek Honda, which was in effect from October 1, 2005 to October 1, 2006 ("Policy No. 261711A"). A true and correct copy of Policy No. 261711A is attached hereto as Exhibit "D", and it is incorporated herein as though it was set forth in full herein.

16.   The policy provisions at issue in Policy Nos. 261712 and 261712A (the "Oakland Acura Policies") and Policy Nos. 261711 and 261711A (the "Walnut Creek Honda Policies") are identical with respect to the primary liability insurance provided by Garage Coverage Part 500. Collectively, the Oakland Acura Policies and the Walnut Creek Honda Policies are referred to herein

1  as "the Policies."

2     17.   The part of the Policies relevant to coverage for the underlying complaint identified

3  below is the Garage Coverage Part 500.

4     18.   The first, fourth and fifth paragraphs of the Insuring Agreement of the Universal

5  Underwriters Garage Coverage Part 500 of the Policies define Universal Underwriters' duty to

6  defend and indemnity obligation as follows:

> WE will pay all sums the INSURED legally pays as DAMAGES (including punitive DAMAGES where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.
>
> * * *
>
> WE have no right or duty to defend SUITS for DAMAGES not covered by or declared for this Coverage Part.
>
> WE have the right and duty to defend any SUIT asking for these DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.

15  (Exhibit A at p. 0054; Exhibit B at p. 0055; Exhibit C at p. 0056; Exhibit D at p. 0057.)

16     19.   The Insuring Agreement of the Universal Underwriters Garage Coverage Part 500 of

17  the Policies, as amended by Endorsement No. 162, defines "DAMAGES" and "SUIT" as follows:

> "DAMAGES" means amounts awardable by a court of law. With respect to INJURY Group 6, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards, compensatory damages, and, where insurable by law, punitive damages, prejudgment interest, post-judgment interest, and settlements.
>
> DAMAGES does not mean:
>
>    1.   civil penalties, fines, assessments or equitable remedies except those listed above; or
>
>    2.   severance pay or DAMAGES under an express written contract of employment or an express written obligation to make payments in the event of the termination of employment.
>
> * * *
>
> "SUIT" means a civil action for DAMAGES, including arbitration or mediation or any other alternative dispute resolution proceedings to

4

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean administrative actions (except under INJURY Group 6 and EMPLOYMENT RELATED DEFENSE) or equitable actions.

(Exhibit A at pp. 0055-0057, 0133-0134; Exhibit B at pp. 0056-0058, 0134-0135; Exhibit C at pp. 0057-0059, 0135-0136; Exhibit D at pp. 0058-0060, 0136-0137.)

20. The "INJURY" coverage, set forth in the first paragraph of the Insuring Agreement of the Universal Underwriters Garage Coverage Part 500 of the Policies, as amended by Endorsements Nos. 162 and 410, provides coverage for certain types of injury only. The policy defines such "INJURY" as follows:

> Group 1 – bodily injury, sickness, disease or disability (including death resulting from any of these) or damage to or loss of use of tangible property;
>
> Group 2 – mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION
>
> Group 3 – false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, abuse of process, libel, slander defamation of character, private nuisance (except pollution), invasion of the right of possession of personal property, common law claims for invasion of the right of privacy;
>
> Group 4 – plagiarism, misappropriation of advertising ideas or style, infringement of copyright, title, slogan or trademark;
>
> Group 5 – any error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plans or YOUR group life, group hospitalization or major medical, group accident and health, Worker's Compensation, unemployment, social security or disability benefits insurance; . . .
>
> Group 6 – DISCRIMINATION or WRONGFUL TERMINATION.

(Exhibit A at pp. 0055, 0133, 0176; Exhibit B at pp. 0056, 0134, 0178; Exhibit C at pp. 0057, 0135, 0181; Exhibit D at pp. 0058, 0136, 0183.)

21. The Insuring Agreement of Universal Underwriters Garage Coverage Part 500, as amended by Endorsement No. 162, of the Policies defines "OCCURRENCE" as follows:

> "OCCURRENCE," with respect to COVERED POLLUTION DAMAGES, INJURY Groups 1 and 2 means an accident, including continuous or repeated exposure to conditions, which results in such INJURY or COVERED POLLUTION DAMAGES during the Coverage Part period neither intended nor expected from the standpoint of a reasonably prudent person.

5
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

> With respect to INJURY Groups (3), (4), (5), and (6), OCCURRENCE means acts of the INSURED during the Coverage Part period which result in such INJURY.

(Exhibit A at pp. 0056, 0133; Exhibit B at pp. 0057, 0134; Exhibit C at pp. 0058, 0135; Exhibit D at pp. 0059, 0136.)

22. On or about November 10, 2005, Berkeley Auto Group, LLC dba Berkeley Honda filed a complaint entitled *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek Associates 5, Inc., dba Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive,* in Superior Court of State of California, County of Contra Costa, Case No. C 05-02372. against defendants James Nielsen, Walnut Creek Associates 5, Inc. and Proformance Associates Inc. ("*Berkeley Honda* action"). Berkeley Honda filed a First Amended Complaint on November 29, 2005 (the "Complaint"). A true and correct copy of this amended complaint is attached hereto as Exhibit E and is incorporated herein as though it was set forth in full herein. On February 10, 2006, Walnut Creek Honda, Phillip Peterson and Gordon Walton were added as defendants to the First Amended Complaint in the *Berkeley Honda* action. A true and correct copy of the Amendment to the Complaint, file endorsed dated February 10, 2006, is attached hereto as Exhibit F and is incorporated herein as though its was set forth in full herein.

23. Berkeley Honda alleges that that its former service manager and staff coordinator, James Nielsen, voluntarily left that employment on August 31, 2005, and then promptly entered into a business relationship with Oakland Acura.

24. Berkeley Honda contends that, prior to or shortly after August 31, 2005, Mr. Nielsen stole Berkeley Honda's proprietary and confidential customer lists and customer information. Berkeley Honda contends that Mr. Nielsen, Oakland Acura and Proformance Associates used that information for his own economic advantage as well as that of Oakland Acura. Berkeley Honda also asserts that Mr. Nielsen converted Berkeley Honda's telephone equipment (a mobile phone) and phone number for the benefit of Mr. Nielsen, Oakland Acura, and Proformance Associates. Berkeley Honda further contends that Mr. Nielsen solicited business from existing and former customers of Berkeley Honda including mailing a solicitation to individual customers from Berkeley Honda's customer list, while Nielsen was employed by Oakland Acura, that Oakland Acura knew

and had reason to know that Nielsen possessed Berkeley Honda's confidential information, and that Oakland Acura authorized and participated in the mailing of the solicitation to Berkeley Honda's customers. It is also alleged that solicitation included the purportedly converted phone number of Berkeley Honda that now was being used by the defendants.

25. Berkeley Honda's Complaint contains ten causes of action, including causes of action for: (1) Misappropriation of Trade Secrets; (2) Unfair Competition in Violation of Business & Professions Code section 17200; (3) Intentional Interference with Prospective Economic Advantage: (4) Conversion; (5) Trespass; (6) Accounting; (7) Breach of Confidence; (8) Unjust Enrichment; (9) Injunction under Civil Code Section 3422 and Code of Civil Procedure Section 526; and (10) Negligent Supervision. Each of the causes of action are asserted against all defendants, with the exceptions that the Breach of Confidence cause of action is only against Mr. Nielsen and the Negligent Supervision cause of action is only against the corporate defendants.

26. By a letter dated April 28, 2006, Universal Underwriters notified Oakland Acura and Proformance Associates that it would provide Oakland Acura with a defense of the Berkeley Honda action, while reserving all of its rights, including the right to reimbursement of defense costs advanced. A true and correct copy of the April 28, 2006, letter is attached hereto as Exhibit G.

27. By a letter dated April 28, 2006, Universal Underwriters notified James Nielsen that it would provide James Nielsen with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced. A true and correct copy of the April 28, 2006, letter is attached hereto as Exhibit H.

28. By a letter dated May 31, 2006, Universal Underwriters notified Walnut Creek Honda that it would provide Walnut Creek Honda with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced. A true and correct copy of the May 31, 2006, letter is attached hereto as Exhibit I.

29. By a letter dated May 31, 2006, Universal Underwriters notified Phillip Peterson that it would provide Phillip Peterson with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced. A true and correct copy of the May 31, 2006, letter is attached hereto as Exhibit J.

30. By a letter dated May 31, 2006, Universal Underwriters notified Gordon Walton that it would provide Gordon Walton with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced. A true and correct copy of the May 31, 2006, letter is attached hereto as Exhibit K.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief – No Indemnity Obligation, As a Matter of Law, Except for the Alleged Taking of Actual Personal Property, Not Intellectual Property, As Alleged In The Fourth Cause of Action)

31. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 30, inclusive, as though set forth in full herein.

32. Universal Underwriters contends that it is not obligated to indemnify the Oakland Acura Defendants and the Walnut Creek Honda Defendants for the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, but not intellectual property, of Berkeley Honda as alleged in the Fourth Cause of Action, which Universal Underwriters does not contest may constitute "INJURY" under "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property. Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut Creek Honda Defendants dispute Universal Underwriters' coverage position.

33. An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Oakland Acura Policies with respect to the purely legal issue as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

34. An actual controversy exists between Universal Underwriters, on the one hand, and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Walnut Creek Honda Policies with respect to the purely legal issue as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

8
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

Exhibit A - 0008

35.  The purely legal issues as to any indemnity obligation to be determined include (but are not limited to):

    a.  Universal Underwriters contends that there is no indemnity obligation as a matter of law for the following causes of action in the *Berkeley Honda* complaint:

        i.  Universal Underwriters contends that the First Cause of Action for Misappropriation of Trade Secrets in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        ii.  Universal Underwriters contends that the Second Cause of Action for Unfair Competition in Violation of Business & Professions Code section 17200 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iii.  Universal Underwriters contends that the Third Cause of Action for Intentional Interference With Prospective Economic Advantage in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iv.  Universal Underwriters contends that the Fifth Cause of Action for Trespass in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        v.  Universal Underwriters contends that the Sixth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        vi.  Universal Underwriters contends that the Seventh Cause of Action for Breach of Confidence in the *Berkeley Honda* complaint does not involve a

covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

vii.   Universal Underwriters contends that the Eighth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

viii.   Universal Underwriters contends that the Ninth Cause of Action for Injunction Under Civil Code § 3422 and Code of Civil Procedure § 526 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

ix.   Universal Underwriters contends that the Tenth Cause of Action for Negligent Supervision in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

b.   Universal Underwriters contends that there is no indemnity obligation with respect to the Fourth Cause of Action of Conversion in the *Berkeley Honda* complaint, because it does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 4", "Group 5" or "Group 6" definition of "INJURY." Universal Underwriters contends that "Group 3" of the definition of "INJURY" applies to only the allegations of the Fourth Cause of Action with respect to the conversion of actual personal property, but not intellectual property.

36.   Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to Universal Underwriters' duty to indemnify the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that: (1) it is not obligated to indemnify Oakland Acura Defendants under the Oakland Acura Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a specific declaration as to each issue identified

above; and (2) it is not obligated to indemnify Walnut Creek Honda Defendants under the Walnut Creek Honda Policies, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action in *Berkeley Honda* action, and a specific declaration as to each issue identified above

### SECOND CLAIM FOR RELIEF
(Declaratory Relief – No Duty To Defend, As a Matter of Law, Except Because of Alleged Taking of Actual Personal Property, Not Intellectual Property, As Alleged In The Fourth Cause of Action)

37.   Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 30, inclusive, as though set forth in full herein.

38.   Universal Underwriters contends its duty to defend the Oakland Acura Defendants and the Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action only exists because of the alleged conversion of actual personal property, but not intellectual property, of Berkeley Honda as alleged in the Fourth Cause of Action, which may constitute "INJURY" under "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property. Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut Creek Honda Defendants dispute Universal Underwriters' coverage position.

39.   An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Oakland Acura Policies with respect to the purely legal issue as to any duty to defend the Oakland Acura Defendants against the allegations in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

40.   An actual controversy exists between Universal Underwriters, on the one hand, and Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Walnut Creek Honda Policies with respect to the purely legal issue as to any duty to defend the Walnut Creek Honda Defendants against the allegations in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

41.   The purely legal issues as to the duty to defend to be determined include (but are not

Case 3:07-cv-02858-SC   Document 4-2   Filed 06/22/2007   Page 1 of 12

limited to):

    a. Universal Underwriters contends that there is no duty to defend as a matter of law for the following causes of action in the *Berkeley Honda* complaint:

        i. Universal Underwriters contends that the First Cause of Action for Misappropriation of Trade Secrets in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        ii. Universal Underwriters contends that the Second Cause of Action for Unfair Competition in Violation of Business & Professions Code section 17200 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iii. Universal Underwriters contends that the Third Cause of Action for Intentional Interference With Prospective Economic Advantage in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        iv. Universal Underwriters contends that the Fifth Cause of Action for Trespass in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        v. Universal Underwriters contends that the Sixth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

        vi. Universal Underwriters contends that the Seventh Cause of Action for Breach of Confidence in the *Berkeley Honda* complaint does not involve a

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

Exhibit A - 0012

covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

vii.    Universal Underwriters contends that the Eighth Cause of Action for Accounting in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

viii.    Universal Underwriters contends that the Ninth Cause of Action for Injunction Under Civil Code § 3422 and Code of Civil Procedure § 526 in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

ix.    Universal Underwriters contends that the Tenth Cause of Action for Negligent Supervision in the *Berkeley Honda* complaint does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 3", "Group 4", "Group 5" or "Group 6" definition of "INJURY".

b.    Universal Underwriters contends that there is no indemnity obligation with respect to the Fourth Cause of Action of Conversion in the *Berkeley Honda* complaint, because it does not involve a covered "INJURY" under the "Group 1", "Group 2", "Group 4", "Group 5" or "Group 6" definition of "INJURY." Universal Underwriters contends that "Group 3" of the definition of "INJURY" applies only to the allegations of the Fourth Cause of Action with respect to the conversion of actual personal property, but not intellectual property.

42.    Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to Universal Underwriters' duty to defend the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that its duty to defend is only triggered because of the allegations in the Fourth Cause of Action in the *Berkeley Honda* action of the alleged conversion of actual personal property, not intellectual property, and a specific declaration as to each issue identified above.

### THIRD CLAIM FOR RELIEF
(Declaratory Relief – No Obligation To Provide Independent Counsel)

43. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 42, inclusive, as though set forth in full herein.

44. Universal Underwriters contends that it is not obligated to provide independent counsel to the Oakland Acura Defendants and the Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action.

45. Universal Underwriters has informed the Oakland Acura Defendants and the Walnut Creek Honda Defendants that, while it will continue to defend each of them, Universal Underwriters denies it has any indemnity obligation (as opposed to reserving indemnity rights) with respect to the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, not intellectual property, as alleged in the Fourth Cause of Action, for which Universal Underwriters acknowledged its indemnity obligation.

46. An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Policies with respect to the purely legal issue of whether Universal Underwriters has an obligation to provide independent counsel with respect to the *Berkeley Honda* action.

47. Universal Underwriters desires a judicial determination of the rights and duties of the parties with respect to whether Universal Underwriters has an obligation to provide independent counsel to the Defendants with respect to the *Berkeley Honda* action. Specifically, Universal Underwriters desires a general declaration that it is not obligated to provide independent counsel to the Oakland Acura Defendants and Walnut Creek Honda Defendants with respect to the *Berkeley Honda* action, and a specific declaration as to each issue identified above.

### FOURTH CLAIM FOR RELIEF
(Restitution/Reimbursement for Amounts Advanced in the *Berkeley Honda* Action)

48. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 47, inclusive, as though set forth in full herein.

14
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION/REIMBURSEMENT

49. Universal Underwriters has advanced defense costs in amounts to be established at trial for the defense of the Oakland Acura Defendants, and Universal Underwriters has advanced defense costs in amounts to be established at trial for the defense of the Walnut Creek Honda Defendants against the claims asserted in the *Berkeley Honda* action. In addition, Universal Underwriters has agreed to advance defense costs associated with independent counsel for all Defendants.

50. Universal Underwriters has properly reserved all of its rights in the *Berkeley Honda* action, including the right to reimbursement of defense costs advanced. (Exhibit G at p. 0011; Exhibit H at p. 0011; Exhibit I at p. 0010; Exhibit J at p. 0010; Exhibit K at p. 0010.)

51. Universal Underwriters has suffered a loss as a result of its payment for the defense fees and costs of the Oakland Acura Defendants against the uncovered claims of *Berkeley Honda* action, and the Oakland Acura Defendants have been unjustly enriched by Universal Underwriters' payment of defense fees and costs against claims that are not covered under the Oakland Acura Policies. In addition, Universal Underwriters has suffered a loss as a result of its payment of defense costs associated with independent counsel for the Oakland Acura Defendant that has resulted in the Oakland Acura Defendants being unjustly enriched by Universal Underwriters' payment of the independent counsel costs.

52. Universal Underwriters has suffered a loss as a result of its payment for the defense fees and costs of the Walnut Creek Honda Defendants against the uncovered claims of *Berkeley Honda* action, and the Walnut Creek Honda Defendants have been unjustly enriched by Universal Underwriters' payment of defense fees and costs against claims that are not covered under the Walnut Creek Honda Policies. In addition, Universal Underwriters has suffered a loss as a result of its payment of defense costs associated with independent counsel for the Walnut Creek Honda Defendants that has resulted in the Walnut Creek Honda Defendants being unjustly enriched by Universal Underwriters' payment of the independent counsel costs.

53. Universal Underwriters seeks an allocation of defense fees and costs between covered and non-covered claims, pursuant to *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997), and reimbursement from the Oakland Acura Defendants and the Walnut Creek Honda

Defendants, of that portion of the defense costs and fees advanced with respect to the *Berkeley Honda* action attributable to uncovered claims so as to avoid unjust enrichment to the Oakland Acura Defendants and the Walnut Creek Honda Defendants relating to claims not covered under the respective policies, together with interest thereon at a legal rate from the date the defense costs were first incurred. In addition, Universal Underwriters seeks reimbursement of all monies advanced to pay for independent counsel costs for the Oakland Acura Defendants and the Walnut Creek Honda Defendants, together with interest thereon at a legal rate from the date the defense costs were first incurred.

### FIFTH CLAIM FOR RELIEF
(Declaratory Relief – No Indemnity Obligation as to the *Berkeley Honda* Action, Except for Alleged Taking of Actual Personal Property, Not Intellectual Property, Based On Potentially Mixed Issues of Fact and Law.)

54. Universal Underwriters refers to and incorporates herein by reference paragraphs 1 through 36, inclusive, as though set forth in full herein.

55. Universal Underwriters contends that it is not obligated to indemnify the Oakland Acura Defendants and the Walnut Creek Honda Defendants for the *Berkeley Honda* action, except with respect to the alleged conversion of actual personal property, but not intellectual property, of Berkeley Honda as alleged in the Fourth Cause of Action, which may constitute "INJURY" under "Group 3" definition of INJURY, specifically, as an invasion of possession of personal property. Universal Underwriters is informed and believes that the Oakland Acura Defendants and the Walnut Creek Honda Defendants dispute this.

56. The Insuring Agreement of Universal Underwriters Garage Coverage Part 500 of the Policies contains the following exclusions:

> This insurance does not apply to:
>
> (a) INJURY, EMPLOYMENT RELATED DEFENSE, COVERED POLLUTION DAMAGES, CUSTOMER COMPLAINT DEFENSE or STATUTE AND TITLE E&O, if caused by any dishonest, fraudulent or criminal acts committed by any INSURED:
>
> (b) Any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property;

\* \* \*

(m) INJURY, as defined in Groups 3 and 4 if the first injurious offense was committed prior to the Coverage part period;. . . .

(Exhibit A at pp. 0057, 0060; Exhibit B at pp. 0058, 0061; Exhibit C at pp. 0059, 0062; Exhibit D at pp. 0060, 0063.)

57. An actual controversy exists between Universal Underwriters, on the one hand, and the Oakland Acura Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Oakland Acura Policies with respect to the potentially mixed issues of fact and law as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

58. An actual controversy exists between Universal Underwriters, on the one hand, and the Walnut Creek Honda Defendants, on the other hand, that involves the rights and obligations of Universal Underwriters under the Walnut Creek Honda Policies with respect to the potentially mixed issues of fact and law as to indemnity coverage for liability alleged in the *Berkeley Honda* complaint. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court and without the involvement of other suits.

59. The potentially mixed issues of fact and law as to the duty to indemnify to be determined include (but are not limited to):

a. As to all Oakland Acura Defendants and the Oakland Acura Policies:

i. To the extent it can be established that liability is imposed solely for "dishonest, fraudulent or criminal acts;" then there is no coverage and no indemnity obligation because of Exclusion (a).

ii. To the extent it can be established that liability is imposed solely for acts committed "with the intent to cause harm," or that are inherently harmful or that give rise to an entitlement to punitive damages, then there is no coverage and no indemnity obligation because of Exclusion (b), California Insurance Code § 533, and public policy.