MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
email: MHStern@duanemorris.com
email: WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual<br><br>Defendants. | Case No.: C-07-2858 SC<br><br>DECLARATION OF MARK D. FISCHER IN SUPPORT OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: April 25, 2008<br>Time: 8:30 a.m.<br>Dept.: Courtroom 1, 17th Floor<br><br>Judge: The Honorable Samuel Conti |

I, Mark D. Fischer, declare:

      1.     I, Mark Fisher, am a claims representative of Universal Underwriters Insurance Company ("Universal"). In my capacity as a claims representative, I have responsibility for certain claims, including those at issue in the matter of *Universal Underwriters Insurance Company v. Walnut Creek Associates 5, Inc. dba Oakland Acura et al.* United States District Court for the Northern District of California, Case No. C-07-2858 SC, including the matter entitled *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek Associates 5, Inc., dba*

*Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive*, in the Superior Court of California in and for the County of Contra Costa, case number MSC 05-02372 (the "Underlying Action" or "*Berkeley Honda* Action"). I make this declaration of my own knowledge, and if called as a witness in these proceedings, I could and would testify competently to its contents.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated April 28, 2006 from me notifying Oakland Acura and Proformance Associates that Universal would provide Oakland Acura and Proformance Associates with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right to reimbursement of defense costs advanced.

3. Attached hereto as Exhibit B is a true and correct copy of a letter dated April 28, 2006 from me notifying James Nielsen that Universal would provide James Nielsen with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced.

4. Attached hereto as Exhibit C is a true and correct copy of a letter dated May 31, 2006 from me notifying Walnut Creek Honda that Universal would provide Walnut Creek Honda with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced.

5. Attached hereto as Exhibit D is a true and correct copy of a letter dated May 31, 2006 from me notifying Phillip Peterson that Universal would provide Phillip Peterson with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced.

6. Attached hereto as Exhibit E is a true and correct copy of a letter dated May 31, 2006 from me notifying Gordon Walton that Universal would provide Gordon Walton with a defense of the *Berkeley Honda* action, while reserving all of its rights, including the right for reimbursement of defense costs advanced.

7. Attached hereto as Exhibit F is a true and correct copy of the Universal Policy No. 261712, which was in effect from October 1, 2004 to October 1, 2005 ("Policy No. 261712").

8. Attached hereto as Exhibit G is a true and correct copy of Universal Policy No. 261712, which was in effect from October 1, 2005 to October 1, 2006 (for convenience referred

1 to as "Policy No. 261712A").

2  9. Attached hereto as Exhibit H is a true and correct copy of Universal Policy

3 No. 261711, which was in effect from October 1, 2004 to October 1, 2005 ("Policy No. 261711").

4  10. Attached hereto as Exhibit I is a true and correct copy of Universal Policy No.

5 261711A, which was in effect from October 1, 2005 to October 1, 2006 ("Policy No. 261711A").

6  11. Attached hereto as Exhibit J is a true and correct copy of a December 19, 2006

7 letter from Kenneth C. Webster, which I received, concerning the Underlying Action.

8  12. To date, Universal has advanced $15,940.80 for independent counsel fees

9 relating to the *Berkeley Honda* action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of March 2008 at Roseville, California.

Mark D. Fischer

DM1\1196329.4

*Universal Underwriters Ins. Co. v. Oakland Acura, et al.*
United States District Court, No.: C 07 2858 SC

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document:

**DECLARATION OF MARK D. FISCHER IN SUPPORT OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**See attached list**

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile at approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (415) 955-2599. The name(s) and facsimile machine telephone number(s) of the person(s) served is listed in the attached service list marked with a ^^^. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

☒ **BY ELECTRONIC SERVICE:** I served a true copy electronically on designated recipients through https://ecf.cand.uscourts.gov. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by this system.

Executed on March 21, 2008, at San Francisco, California.

_____
JoAnna Soliman

PROOF OF SERVICE; No. C 07 2858 SC

DM1\1181580.1