# EXHIBIT J

# COMMINS TEMPLETON & WEBSTER
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

400 MONTGOMERY STREET, SUITE 200, SAN FRANCISCO 94104
TEL (415) 391-6490 FAX (415) 391-6493 www.commins.com

December 19, 2006

Mr. Mark D. Fischer
Claims Representative
Universal Underwriters Insurance Company
2901 Douglas Boulevard, Suite 355
Roseville, CA 95661

  Re: <u>Berkeley Auto Group, LLC v. Nielsen, et al.</u>

    Your Insured: Oakland Acura, Walnut Creek Honda and Gordon Walton
    Our Clients: Oakland Acura, Walnut Creek Honda and Gordon Walton
    Claim No: 902-000-3551
    Date of Loss: August 31, 2005

Dear Mr. Fischer:

  In light of the upcoming January 10, 2007 mediation of this case, I write to address your coverage opinion and reservation of rights letter to Mr. Walton and Mr. Robb, dated April 28, 2006.

  We are all hopeful that this case can be resolved amicably, at the mediation or otherwise, without the need to further address insurance coverage issues. But the upcoming mediation, the complexity of the case, and Universal's apparent denial of coverage on several of the claims contained in Berkeley Honda's Complaint necessitates briefly outlining our clients' position should any coverage dispute arise at, or after, mediation.

  In short, we disagree with several key determinations made in the April 28, 2006 letter. Again, we hope no coverage dispute will arise, but if it does, Universal can expect a demand for coverage by the insured on at least the following bases:

<u>Conversion of Personal Property</u>

  Berkeley Honda has alleged the physical taking by Mr. Nielsen of a cell phone <u>and</u> a printed hard copy list of Berkeley Honda customers. Universal's determination that it will provide coverage for Berkeley Honda's claims related to the alleged

Exhibit J – 0001

Mr. Mark D. Fischer
*Berkeley Auto Group, LLC v. Nielsen, et al.*
December 19, 2006
Page 2

conversion of the cell phone applies equally to Berkeley Honda's claims related to the alleged conversion and misappropriation of the tangible customer list. Universal is obligated to cover the insureds' liability for all claims relating to the alleged taking and mis-use of the customer list.

Conversion of Intellectual Property

Even if the Berkeley Honda customer list is determined to be purely intellectual property, intellectual property is personal property subject to coverage under Injury Group 3 of the policy. Also, the coverage letter cites no policy language or legal authority for its conclusion that intellectual property is excluded from coverage. Absent affirmative exclusion language in the policy or some legal authority, Universal's denial of coverage when the policy is silent on the issue is unreasonable.

Multiple Injury Group Coverage

Universal's coverage denial letter states that its defense (and presumably coverage) is limited to Injury Group 3. But the insureds' acts are also covered under Injury Group 1 (loss of use of tangible personal property) and Injury Group 4 (misappropriation of advertising ideas or style). Both the cell phone and the printed customer list are tangible property to which Plaintiffs have claimed loss of use and damage. It is also reasonable for the insureds to argue that the allegedly misappropriated customer list qualifies for coverage as misappropriated Berkeley Honda advertising materials.

The Policy Does Not Exclude Coverage For Equitable Remedies

The fact that the Universal policy at issue excludes coverage for equitable claims or causes of action does not mean that equitable damage remedies on Berkeley Honda's legal claims are not covered. Universal's coverage denial for all equitable damages remedies is not supported by any policy language or legal authority. Berkeley Honda's sole equitable claim, for injunctive relief, has already been resolved by the parties and the insureds have made no claim for recovery under the policy for any harm they have suffered as a result of Berkeley Honda's injunction action.

Universal cannot disclaim coverage for any of Berkeley Honda's legal claims simply because Berkeley Honda has asked for equitable damages within those claims.

Mr. Mark D. Fischer
*Berkeley Auto Group, LLC v. Nielsen, et al.*
December 19, 2006
Page 3

As a result, Universal is obligated to cover the insureds for Plaintiff's First, Second, Third, Fourth, and Tenth causes of action; all of them are legal, rather than equitable claims.

Plaintiffs Have Not Pled Fraud; Intent To Cause Harm

Universal's conclusion that under no circumstances in California can an insurance policy cover claims for an insured's alleged unfair business practices (Cal. B&P Code Section 17200, *et. seq.*) is too broad. In many cases, like this one, where a plaintiff has not alleged fraud, and where it remains a question of fact whether defendant's act was intended to cause harm, coverage is warranted. The Universal policy at issue excludes coverage for the insured's dishonest or fraudulent acts (rather than an employee's acts), or for acts committed with intent to cause harm. Berkeley Honda has not alleged fraud at all. And when construing an insured's "willfulness" under Cal. Ins. Code Section 533, cases routinely hold that these exclusionary provisions in insurance contracts, whether express or implied, are construed strictly against the insurer and liberally in the favor of the insured. Intentional or willful acts, within the meaning of general tort principles, won't automatically exonerate the insurer from coverage obligations.

The evidence has, to date, shown that neither Mr. Nielsen nor anyone else employed by Oakland Acura acted with intent to cause harm to Plaintiff by their actions, regardless of whether Berkeley Honda actually sustained harm. Furthermore as additional insureds, it is arguable that Oakland Acura and Mr. Walton should enjoy coverage even if it is ultimately proven that Mr. Nielsen, their employee, acted with purposeful and premeditated intent to cause harm to Berkeley Honda. Universal's denial of coverage for Plaintiff's First, Second, Third, Fourth, Fifth and Seventh causes of action is, therefore, improper.

Statutory Awards Are Not Universally Civil Penalties Or Fines

Finally, we disagree with Universal's conclusion that any statutory basis for damages (such as the damages multiplier or attorneys' fees provisions contained in Cal. Civil Code Section 3426 et seq.) is equivalent to "civil penalties, fines or assessments." This interpretation is too broad, and if the policy was written to exclude all bases for statutory damage remedies, then it needed to spell that out. The policy's narrow scope and silence on statutory damages must be construed in the insureds' favor and coverage

Mr. Mark D. Fischer
*Berkeley Auto Group, LLC v. Nielsen, et al.*
December 19, 2006
Page 4

is warranted here, because Berkeley Honda has not alleged the violation of any statute that contains a civil penalty, fine or assessment.

    The foregoing is a summary of the insured's contentions with Universal's coverage opinion, and is not meant to be an exhaustive discussion of either the policy or the laws applicable to Universal's coverage obligations and duties of reasonableness. Again, hopefully, the case can be resolved cooperatively between Universal and the insureds, obviating the need for further discussion of Universal's coverage obligations.

                                Very truly yours,

                                Kenneth C. Webster

KCW:scc

cc: Mr. Gordon Walton

Exhibit J – 0004