IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual,<br><br>         Defendants. | Case No.: C-07-2858 SC<br><br>**[PROPOSED] ORDER GRANTING UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FIRST, SECOND AND THIRD COUNTS IN ITS FIRST AMENDED COMPLAINT**<br><br>Date:   April 25, 2008<br>Time:  8:30 a.m.<br>Dept:  Courtroom 1, 17th Floor<br><br>Judge:  The Honorable Samuel Conti |

The Court, having reviewed and considered the papers submitted by Plaintiff Universal Underwriters Insurance Company ("Universal") and Defendants James Nielsen, Walnut Creek Associates 5, Inc. dba Oakland Acura, Walnut Creek Associates 5, Inc., Proformance Associates, Inc., Walnut Creek Associates 2, Inc., Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Phillip Peterson and Gordon Walton with respect to Universal's motion for partial summary judgment on its First, Second and Third Claims for Relief in its First Amended Complaint, and

1  having considered the arguments made at the hearing on this matter, hereby orders that: Universal's

2  motion for partial summary judgment is granted in full.

3      Universal's motion presents strictly legal issues involving insurance contract interpretation

4  and there is no genuine issue of material fact as to Universal motion for partial summary judgment.

5  Universal is entitled to a declaration that it did not have at any time and now has no duty to defend

6  or indemnify the Defendants against the customer-list-related claims asserted against them in the

7  matter entitled *Berkeley Auto Group, LLC dba Berkeley Honda v. James Nielsen, an individual, et*

8  *al.,* venued in the Superior Court of California in and for the County of Contra Costa, case number C

9  05-02372.

10      In addition, Universal is entitled to a declaration that it did not have at any time and now has

11  no obligation to provide independent counsel to Defendants Walnut Creek Associates 5, Inc. dba

12  Oakland Acura, Walnut Creek Associates 5, Inc., Proformance Associates, Inc., Walnut Creek

13  Associates 2, Inc., Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Phillip Peterson and

14  Gordon Walton.

15      IT IS SO ORDERED.

16  DATED: _____

17

18

19                              UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE UNIVERSAL UNDERWRITER'S PARTIAL SUMMARY JUDGMENT

*Universal Underwriters Ins. Co. v. Oakland Acura, et al.*
*United States District Court, No.: C 07 2858 SC*

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document:

**[PROPOSED] ORDER GRANTING UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FIRST, SECOND AND THIRD COUNTS IN ITS FIRST AMENDED COMPLAINT**

**See attached list**

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile at approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (415) 955-2599. The name(s) and facsimile machine telephone number(s) of the person(s) served is listed in the attached service list marked with a ^^^. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

☒ **BY ELECTRONIC SERVICE:** I served a true copy electronically on designated recipients through https://ecf.cand.uscourts.gov. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by this system.

Executed on March 21, 2008, at San Francisco, California.

_____
JoAnna Soliman

---

PROOF OF SERVICE; No. C 07 2858 SC

DM1\1181580.1