MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:   MHStern@duanemorris.com
          WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual,<br><br>Defendants. | Case No.: C-07-2858 SC<br><br>**AMENDED NOTICE OF MOTION AND MOTION OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   April 25, 2008<br>Time:   10:00 a.m.<br>Dept:   Courtroom 1, 17th Floor<br><br>Judge:  The Honorable Samuel Conti |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 25, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Universal Underwriters Insurance Company ("Universal") will move this court for partial summary judgment on the ground that there is no genuine issue as to any material fact with respect to the First, Second and Third Claims for Relief in this Action and that Universal is entitled to judgment as a matter of law ordering that: (1) the Universal policies are not

obligated to defend or indemnify Defendants' customer-list-related liability as alleged in *Berkeley Auto Group, LLC v. James Nielsen, an individual; Walnut Creek Associates 5, Inc., dba Oakland Acura; and Proformance Associates Inc.; and Does 1-20, inclusive*, in the Superior Court of California in and for the County of Contra Costa, case number C 05-02372 (the "Underlying Action"), such that Universal is entitled to partial summary judgment establishing its First and Second Claims for Relief; and (2) Universal is not and never was not obligated to provide independent counsel pursuant to California Civil Code section 2860 to Defendants, except Mr. Nielsen, with respect to the Underlying Action, such that Universal is entitled to partial summary judgment establishing its Third Claim for Relief.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Mark D. Fischer and the exhibits attached thereto, the declaration of Max H. Stern and the exhibits attached thereto, matters subject to judicial notice, the files and pleadings in this matter, and such other material as may be presented at the hearing of this motion.

Respectfully submitted,

Dated: March 21, 2008

DUANE MORRIS LLP

By: _____
Max H. Stern
William S. Berman
Attorneys for Plaintiff
Universal Underwriters Insurance Company

DM1\1196871

*Universal Underwriters Ins. Co. v. Oakland Acura, et al.*
United States District Court, No.: C 07 2858 SC

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document:

**AMENDED NOTICE OF MOTION AND MOTION OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY FOR PARTIAL SUMMARY JUDGMENT**

    **See attached list**

☐   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile at approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (415) 955-2599. The name(s) and facsimile machine telephone number(s) of the person(s) served is listed in the attached service list marked with a ^^^. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

☒   **BY ELECTRONIC SERVICE:** I served a true copy electronically on designated recipients through https://ecf.cand.uscourts.gov. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by this system.

Executed on March 21, 2008, at San Francisco, California.

                                                              JoAnna Soliman