MAX H. STERN (SBN 154424)
WILLIAM S. BERMAN (SBN 170857)
**DUANE MORRIS** LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:   MHStern@duanemorris.com
          WSBerman@duanemorris.com

Attorneys for Plaintiff
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, a Kansas corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT CREEK ASSOCIATES 5, INC. dba OAKLAND ACURA, a California corporation; PROFORMANCE ASSOCIATES, INC., a California corporation; and JAMES NIELSEN, an individual, WALNUT CREEK ASSOCIATES 2, INC., a California corporation; WALNUT CREEK ASSOCIATES 2, INC. dba Walnut Creek Honda, a California corporation, Phillip Peterson, an individual, GORDON WALTON, an individual,<br><br>Defendants. | Case No.: C-07-2858 SC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: RULING ON UNIVERSAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CONTINUANCE OF STATUS CONFERENCE** |

COME NOW plaintiff Universal Underwriters Insurance Company ("Plaintiff") and defendants Walnut Creek Associates 5, Inc. dba Oakland Acura, Proformance Associates, Inc., James Nielsen, Walnut Creek Associates 2, Inc., Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Phillip Peterson, and Gordon Walton (collectively, "Defendants"), through their counsel, who stipulate as follows, subject to the approval of this Court:

1. Whereas, on April 25, 2008, this Court took under submission Universal's motion for partial summary judgment;

2. Whereas, on June 3, 2008, a mediation was conducted in the underlying action, *Berkeley Auto Group, LLC dba Berkeley Honda v. Walnut Creek Associates 5, Inc. dba Oakland Acura et al.*, Contra Costa County Superior Court Case Number C 05-02372 in which the claims against the parties claiming to be insureds (the Defendants) under policies issued by Plaintiff were settled, subject to, among other conditions, a good faith settlement determination of the State Court;

3. Whereas, as a result of the underlying action being settled, Plaintiff and Defendants in this Action have conditionally resolved their disputes arising out of the underlying action, subject to the State Court finding the underlying settlement to be in good faith and the execution of a mutually agreeable settlement agreement and release;

4. Whereas, the parties believe that by September 15, 2008, it should be known whether or not the conditions precedent to resolve this Action will have been achieved;

5. Whereas, a Status Conference in this Action presently is scheduled for July 25, 2008 at 10:00 a.m.;

6. Whereas, Plaintiff and Defendants jointly request that the Court withhold issuing a ruling on Universal's motion for partial summary judgment until September 19, 2008, and on or after that date the Court may rule on Universal's motion for partial summary judgment should this Action remain pending;

7. Whereas, Plaintiff and Defendants agree to a continuance of the Status Conference from July 25, 2008 to September 19, 2008, or, alternatively, to a date after September 19, 2008, on the Court's regular Case Management Conference calendar as the Court determines appropriate;

8. This Stipulation may be signed in counterparts.

IT IS SO STIPULATED:

Dated: June 17, 2008          **DUANE MORRIS LLP**

                              By: _____
                              Max H. Stern
                              Attorneys for Plaintiff
                              Universal Underwriters Insurance Company

2

STIPULATION AND [PROPOSED] ORDER RE: RULING ON UNIVERSAL'S MOTION   CASE NO.: C-07-2858 SC
FOR PARTIAL SUMMARY JUDGMENT AND CONTINUANCE OF STATUS CONFERENCE

| | | |
|---|---|---|
| 1 | Dated: June 23, 2008 | NITSCHKE & VARRICCHIO LLP |
| 2 | | By: _____ |
| 3 | | Peter D. Nitschke |
| | | Attorneys for Defendants |
| 4 | | Walnut Creek Associates 5, Inc. dba Oakland Acura, Proformance Associates, Inc., James Nielsen, Walnut |
| 5 | | Creek Associates 2, Inc., Walnut Creek Associates 2, Inc. dba Walnut Creek Honda, Phillip Peterson, and |
| 6 | | Gordon Walton |

**GOOD CAUSE APPEARING THEREFOR:**

**IT IS HEREBY ORDERED** that the Status Conference scheduled for July 25, 2008 is continued to September 19, 2008 at 10:00 a.m., in Courtroom 1. It is further ordered that, at the request of the parties, in light of the conditional settlement, the Court shall withhold its ruling on Universal's Motion for Partial Summary Judgment until September 19, 2008, at which time or thereafter, the Court may issue its ruling on the motion if this Action remains pending.

Dated: June 24, 2008

_____
Sen[ior Judge Samuel] Conti
United [States District] Court

IT IS SO ORDERED
Judge Samuel Conti

DM1\1349242.1

STIPULATION AND [PROPOSED] ORDER RE: RULING ON UNIVERSAL'S MOTION     CASE NO.: C-07-2858 SC
FOR PARTIAL SUMMARY JUDGMENT AND CONTINUANCE OF STATUS CONFERENCE

*Universal Underwriters Ins. Co. v. Oakland Acura, et al.*
United States District Court, No.: C 07 2858 SC

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document:

**STIPULATION AND [PROPOSED] ORDER RE: RULING ON UNIVERSAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CONTINUANCE OF STATUS CONFERENCE**

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile at approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (415) 955-2599. The name(s) and facsimile machine telephone number(s) of the person(s) served is listed in the attached service list marked with a ^^^. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

☒ **BY ELECTRONIC SERVICE:** I served a true copy electronically on designated recipients through https://ecf.cand.uscourts.gov. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by this system.

Executed on June 23, 2008, at San Francisco, California.

JoAnna Soliman

PROOF OF SERVICE; No. C 07 2858 SC

DM1\1181580.1